# In re Pikulik.

*February 2, 1892.*

*Constitutional law: Indeterminate sentences:* Habeas corpus.

Assuming that the statute (sec. 4733, R. S., as amended by ch. 390, Laws of 1889) authorizing general or indeterminate sentences is invalid, the error in imposing such a sentence is not jurisdictional, and the remedy of the person sentenced is not by writ of *habeas corpus*, but by writ of error. [Whether such statute is invalid because it confers upon the state board of control executive and judicial powers which by the constitution are vested exclusively in the governor and courts, not determined.]

PETITION for a writ of *habeas corpus.* The facts are stated in the opinion.

LYON, C. J.    The petition for the writ of *habeas corpus* shows that in January, 1891, in the municipal court of Milwaukee county, the petitioner was convicted of the crime of burglary, as defined in sec. 4408, R. S., and was sentenced by the court to imprisonment in the state prison at hard labor " for not less than three years nor more than eight years."    The sentence is in the form prescribed by sec. 4733, R. S., as amended by ch. 390, Laws of 1889; that is to say, it is a general or indeterminate sentence.    The petitioner is now held in custody under such sentence, and prays that a writ of *habeas corpus* issue to the warden of the state prison, to the end that the petitioner may be released from such imprisonment.    The sole ground upon which the writ is asked is that the statute under which the petitioner was sentenced contravenes the constitution, in that it attempts to confer upon the state board of supervision (now, by ch. 221, Laws of 1891, the state board of control) both executive and judicial powers, which are exclusively vested by the constitution in the governor and the courts, respectively ; and hence that the statute is void and the imprisonment illegal.

In re Pikulik.

Conceding that the statute under which the petitioner was sentenced is invalid, still he has mistaken his remedy. The municipal court had jurisdiction to try the petitioner for the offense charged, and, on conviction, to sentence him to imprisonment in the state prison therefor. It also had jurisdiction of his person. On the theory that the general sentence statute is invalid, the court merely entered and enforced the wrong judgment. The supposed error is not a jurisdictional one, and hence is not available on *habeas corpus;* for it is settled law that on *habeas corpus* the court can only inquire into jurisdictional defects in the proceedings. The remedy is by writ of error. *In re Graham (In re McDonald)*, 74 Wis. 450, and cases cited.

The question sought to be raised on this petition of the validity of the statute authorizing indeterminate sentences and conferring upon the state board of control power to discharge or parole a prisoner so sentenced, after he has served the minimum term of his sentence, is an interesting and very important one, and it is not at all clear how it should be solved. Statutes in Michigan and Ohio authorizing such sentences, and conferring upon the prison boards of managers similar powers, at least as regards the parole of such prisoners, have been passed upon by the respective supreme courts of those states. *People v. Cummings* (Mich.), 50 N. W. Rep. 310; *State ex rel. Att'y Gen. v. Peters*, 43 Ohio St. 629. In the Michigan case the question arose on writ of error, and the statute was held valid for the minimum term of the sentence, and void in so far as it attempted to authorize the prison authorities to hold the prisoner beyond that time. The Ohio case was a *quo warranto* brought by the attorney general in behalf of the state against the prison directors. The relation charged such directors with usurpation in assuming to exercise the franchises, powers, and privileges attempted to be conferred upon them by the statute. This, of course, raised the question of the validity of such statute, and the court held it valid.

Sec. 4942, R. S., is subject to the same objections which have been urged against the validity of ch. 390, Laws of 1889. That section first made its appearance on our statute books as sec. 5, ch. 288, Laws of 1876, entitled "An act to authorize the leasing of the labor of convicts confined in the Wisconsin state prison," and is as follows: "Whenever any convict, by continued good behavior, diligence in labor or study, or otherwise, shall surpass the general average of convicts, he may be compensated therefor, at the discretion of the directors, either by diminishing the period of his confinement or by payment in money, or both." From thence it found its way into the present Revision, has been twice added to, and now stands in the Annotated Statutes as part of sec. 4942.

We have deemed it proper to call attention to the above statutes, and to state, in a general way, the objections urged against their validity, and the adjudications upon similar statutes in other states. When the question of the validity of those statutes shall be properly presented to this court, it will receive the consideration which its importance demands. Until that time the question must remain undetermined by this court.

*By the Court.*— The petition is denied.