In re French.

## In re French.

*February 26 — March 22, 1892.*

Habeas corpus.

Even if sec. 4697, R. S., as amended by ch. 164, Laws of 1888, is invalid in so far as it prescribes the procedure after a disagreement on the issue of insanity in a criminal case, still, where the court has jurisdiction of the subject matter and of the person of the accused, its judgment after a trial in accordance with that section is not void for that reason, and the remedy of the prisoner is not by writ of *habeas corpus* but by writ of error.

| 81 | 597 |
| 87 | 343 |
| 81 | 597 |
| 90 | 282 |
| 81 | 597 |
| 99 | 536 |
| 81 | 597 |
| 101 | 433 |
| 81 | 597 |
| 110 | 239 |

PETITION for a writ of *habeas corpus*. The facts are stated in the opinion.

*C. D. Smith*, for the petitioner.

LYON, C. J. The petition shows that the petitioner was tried in the circuit court of Ashland county, in June, 1891, on an information charging him with having committed the

crime of murder in the first degree. With his plea of not guilty he interposed a special plea of insanity. A jury was impaneled and sworn, and the special issue was first tried. The jury were unable to agree on a verdict on that issue, and the subsequent proceedings in the case were in strict accordance with the requirements of sec. 4697, R. S., as amended by ch. 164, Laws of 1883. The material portion of such section is as follows:

"If the jury shall be unable to agree upon a verdict on the trial of such special issue, the court shall for that reason discharge them from the further consideration of such special issue as such, and, unless such special plea be withdrawn by such accused person or counsel in his behalf, the court shall forthwith order the trial upon the plea of not guilty to proceed, and the question of insanity involved in such special issue shall be tried and determined by the jury with the plea of not guilty."

The petitioner was convicted of the crime charged, and sentenced to imprisonment at hard labor in the state prison during the term of his natural life. He is now serving such sentence. The petition is placed entirely upon the ground that the above provision in amended sec. 4697 contravenes the constitution and is void, and hence that the petitioner was not convicted on lawful evidence, or by a lawful jury, and the judgment is void.

Conceding, for the purposes of the case, that the amended sec. 4697 is invalid in so far as it prescribes the procedure after a disagreement of the jury on the issue of insanity, still the court had jurisdiction of the subject matter of the prosecution and of the person of the petitioner, and on his conviction of the offense charged it had jurisdiction to sentence him to imprisonment for life in the state prison. Hence, if the statute in question should be adjudged invalid, still the judgment is not void for that reason, although it may be erroneous. It was said by Mr. Justice TAYLOR in

*State ex rel. Welch v. Sloan,* (  Wis. 647, that "it is only
when the court pronounces a judgment in a criminal case
which is not authorized by law, under any circumstances,
in the particular case made by the pleadings, whether the
trial has proceeded regularly or otherwise, that such judg-
ment can be said to be void so as to justify the discharge
of the defendant held in custody by such judgment." Nu-
merous adjudications are referred to in the opinion which
hold the same doctrine. To the same effect are the cases
*In re McDonald and Graham,* 74 Wis. 450, and *In re Pik-
ulik, ante,* p. 158.

Unless there was such want of jurisdiction in the circuit
court as to render the judgment void, the petitioner cannot
be relieved on *habeas corpus.* It has been so held by this
court in many cases. Clearly, the judgment or sentence
under which the petitioner is suffering imprisonment is not
void. Hence he must resort to his writ of error to raise
the question of the validity of the statute.

*By the Court.*— The petition is denied.