In re Schuster.

In re Schuster.

*June 7 — June 15, 1892.*

*Criminal law: Indeterminate sentence:* Habeas corpus.

1. If the statute (sec. 4733, R. S., as amended by ch. 390, Laws of 1889) authorizing general or indeterminate sentences is invalid, a sentence under it is not void but merely erroneous, and the remedy is not by *habeas corpus,* but by writ of error.
2. The sentence in such a case cannot be held valid as to the minimum term and void as to the residue.

PETITION for a writ of *habeas corpus.* The facts are stated in the opinion.

LYON, C. J.   At the September term, 1890, of the Sauk county circuit court the petitioner, *August Schuster,* was tried and convicted on an information charging that on February 7, 1890, being armed with a dangerous weapon, he feloniously assaulted one Rosa Sackman with intent to kill and murder her.   The court sentenced him to imprisonment in the state prison "for not less than one nor more than fifteen years."   The sentence is in the form prescribed by sec. 4733, R. S., as amended by ch. 390, Laws of 1889 (S. & B. Ann. Stats. sec. 4733); that is, it is a general or indeterminate sentence.   The accused, having suffered imprisonment under the sentence for the minimum term of one year specified therein, now petitions this court that a writ of *habeas corpus* issue to the warden of the state prison, to the end that the petitioner may be discharged from further imprisonment under such sentence.

The basis of this application is the proposition that the sentence is valid for the minimum term only, that is, for one year, and void as to the residue.   If the indeterminate sentence statute is not a valid enactment, whether a sentence under it is void or merely erroneous, and hence

In re Schuster.

whether a person sentenced under it should be 'discharged on *habeas corpus* or be compelled to resort to a writ of error to obtain relief, is not a new one in this court. It was presented and determined in *In re Pikulik*, 81 Wis. 158. In that case, speaking of the statute under consideration, we said: "Conceding that the statute under which the petitioner was sentenced is invalid, still he has mistaken his remedy. The municipal court had jurisdiction to try the petitioner for the offense charged, and on conviction to sentence him to imprisonment in the state prison therefor. It also had jurisdiction of his person. On the theory that the general sentence statute is invalid, the court merely entered and enforced the wrong judgment. The supposed error is not a jurisdictional one, and hence not available on *habeas corpus;* for it is settled law that on *habeas corpus* the court can only inquire into jurisdictional defects in the proceedings. The remedy is by writ of error. *In re Graham* (*In re McDonald*), 74 Wis. 450, and cases cited."

The only difference in the two cases is that in the *Pikulik Case* the petition for a writ of *habeas corpus* was presented before the expiration of the minimum term of imprisonment, while here it is presented after the minimum term has expired. We think that difference does not affect the rule. The judgment or sentence is entire and indivisible, and was so regarded and treated in the former case. It cannot, by any sound rule of construction, be held regular and valid as to one year of the term of imprisonment and absolutely void as to the balance of the term. On the assumption that the indeterminate sentence statute is invalid, the whole judgment or sentence is erroneous and would have been reversed on error as well before as after the minimum term of imprisonment expired. Thus in *McDonald v. State*, and *Graham v. State*, 79 Wis. 651, the plaintiffs in error were sentenced in 1889 to imprisonment in the state prison for fourteen and thirteen years, respectively,

In re Schuster.

whereas the maximum punishment for the crime of which they were convicted was ten years. This court declined to hold that the sentences were good for ten years and void as to the residue of the time for which the accused were sentenced, but held the whole sentence erroneous, and reversed it and remanded the accused for resentence. This ruling negatives the proposition that the sentence in this case is valid in part and void as to the residue. We conclude that the judgment and sentence of the circuit court is not void, and consequently that the petitioner cannot legally be discharged on *habeas corpus*, even though it should be held that the statute which attempts to authorize indeterminate sentences is invalid. For the reasons above stated a writ of *habeas corpus*, if issued, could not benefit the petitioner.

It is to be regretted that the question of the validity of the indeterminate sentence statute was not raised when the case of this petitioner was before this court on writ of error (80 Wis. 107), for it could then have been properly determined, and it is very desirable that it should be put at rest. We are constrained to add that as there is so much doubt as to how the question ought to be determined, we are gratified to know that the judges of the trial courts generally incline not to sentence under that statute while such doubt exists.

*By the Court.*— The petition is denied.