IN RE ROSENBERG.

*May 15 — September 26, 1895.*

Habeas corpus: *Contempt: Refusal of judgment debtor to make discovery of his property.*

1. On *habeas corpus*, only jurisdictional questions are inquired into.

2. In an action under sec. 3029, R. S., against a judgment debtor to compel discovery of his property, his refusal to make such discovery, as required by the court, is punishable as a contempt under ch. 150, R. S.

3. In such an action it is within the discretion of the trial court to direct the manner in which the discovery shall be made; and it may require the debtor to prepare and produce a written statement.

4. The debtor in such a case is bound to obey the oral directions of the trial court touching the discovery, made during its progress, in open court, and when he is present; and his refusal to do so is a contempt.

5. The determination of the trial court that the answers of the debtor were untruthful, evasive, or prevaricating, so as in effect to amount to a refusal to make the discovery required of him, that he was able to make such discovery, and that his conduct was contumacious, is conclusive in a proceeding by *habeas corpus* to inquire into the legality of his imprisonment for contempt in refusing to make such discovery.

6. The refusal of the debtor to make the discovery, being misconduct committed "in the immediate view and presence of the court," may be punished summarily under sec. 3478, R. S.

7. The order prescribing the punishment in such case, under sec. 3478, R. S., need not recite that the misconduct was such as to defeat, impair, impede, or prejudice the rights or remedies of the plaintiffs.

8. An order directing the imprisonment of a person in contempt until he shall have performed the act required of him (which is specified), "or until the further order of the court," is not indefinite as to the term of imprisonment.

9. A writ of *habeas corpus* will not be issued where, upon the hearing of the application therefor, it appears that the court must, in the end, remand the prisoner.

APPLICATION for a writ of *habeas corpus*. *Denied.*

On petition of *Ben Rosenberg*, an order was issued out of

In re Rosenberg.

this court, directed to the sheriff of Jackson county, returnable on the 30th day of April, 1895, directing the said sheriff to show cause why a writ of *habeas corpus* should not issue to inquire into the legality of the custody wherein he held the petitioner.

On the hearing of the motion it appeared, in effect, that the petitioner was held in custody by such sheriff, in the county jail of Jackson county, by virtue of an order of commitment made February 7, 1895, by the circuit court for Jackson county, whereby he was committed as for a contempt. The order was made in a creditors' action, brought under sec. 3029, R. S., for the discovery of property belonging to judgment debtors. Certain creditors of the petitioner, *Ben Rosenberg*, and Isaac Rosenberg, as copartners, had obtained a judgment against them, on which an execution had been returned unsatisfied. An action under the statute had been commenced, and a receiver had been appointed. The petitioner had been brought before the circuit court, at the instance of the receiver, to make discovery of the property of the firm. The petitioner had been the active manager of the firm's business.

After several partial and unsatisfactory oral examinations, and several continuances, the court made a further continuance, and at the same time made an oral direction, entered in the stenographer's minutes, that in the meantime the petitioner should "prepare a statement showing the amount of merchandise purchased by them [the firm] during the year 1894, the purchase price thereof, the persons from whom purchased, and the amount paid thereon, together with a full statement of the amount of goods sold to Aleck Rosenberg, the brother of said defendants, the price for which said goods were sold, the amount paid thereon, and a complete record of their transactions with said Aleck Rosenberg during the said year 1894,— and produce said statement, when so prepared, before said court on the 4th day of Feb-

ruary, 1895, and personally appear before the court on that day and verify the same under oath." The judge at the same time suggested that the petitioner ought to account for at least $15,000 worth of goods more than had been accounted for, and intimated that consequences might follow a failure to comply with the direction.

On the day appointed, the petitioner appeared before the court without the required statement, which he professed to be unable to make for want of the necessary information. He stated that, although he had a clerk and bookkeeper, and had kept books up to January 1, 1894, during the year 1894 he had kept no books, nor, so far as he knew, had his clerk. It appeared that a large business had been done by the firm, and large invoices of goods had been received by them. But a small part of the property traced to their possession or business was accounted for on oral examination. The petitioner protested that he could neither read nor write. and had no knowledge of what had become of the goods. The court found that it was within the petitioner's power to comply, substantially, with what was required of him, and committed him until he should comply.

For the petitioner there was a brief by *G. M. Popham*, attorney, and *Spooner, Sanborn, Kerr & Spooner*, of counsel, and the cause was argued orally by *J. B. Kerr* and *A. L. Sanborn:* (1) It was beyond the jurisdiction of the court to commit the petitioner until he should prepare and produce the written statement. His confinement cannot be by virtue of secs. 2565–2569, R. S., relating to criminal contempts, because the term of imprisonment is therein expressly limited to thirty days. And, from the terms of the order upon which the commitment was issued, it is clear that this is an attempted proceeding under ch. 150, R. S., relating to civil contempts. But the alleged contempt does not fall within the provisions of that chapter. The failure of the petitioner to prepare and produce a statement as to his prop-

erty was not "misconduct by which the rights or remedies of a party . . . may be defeated, impaired, impeded, or prejudiced." *In re Pierce*, 44 Wis. 411, 420; *State ex rel. Lanning v. Lonsdale*, 48 id. 348, 356. (2) The order is void for the reason that it fails to recite the necessary jurisdictional facts. Under sec. 3478, R. S., it must state the facts constituting the offense. An essential element of the offense is that the misconduct be such as to defeat, impair, impede, or prejudice the rights or remedies of a party to the action or proceeding. The failure to recite these facts either in the order or commitment is fatal. Church, Hab. Corp. § 316, and cases cited; Rapalje, Contempt, § 137; *Mendel v. Mendel*, 25 N. Y. Weekly Dig. 314, 4 N. Y. St. Rep. 556; *Ex parte Robertson*, 11 Am. St. Rep. 207. (3) The oral direction of the court was not an order (sec. 2812, R. S.; *Benedict v. State*, 12 Wis. 314), and the petitioner was therefore not in contempt for failing to comply with the same. (4) The court had no authority to require the petitioner to prepare and produce a written statement.

*C. T. Bundy*, contra.

The following opinion was filed June 29, 1895:

NEWMAN, J. On *habeas corpus*, only jurisdictional questions are inquired into. *In re Milburn*, 59 Wis. 24; *State ex rel. Welch v. Sloan*, 65 Wis. 647; *In re Graham*, 74 Wis. 450; *In re Graham*, 76 Wis. 366; *In re Frederich*, 149 U. S. 70. There is no question that the court had jurisdiction of the cause of action and of the parties. If, then, it had power to make the order of commitment in any supposable circumstances which might arise in the progress of the cause, then the order is valid until reversed, however erroneous it may be in the particular circumstance. Cases cited above; *Tallman v. McCarty*, 11 Wis. 401; *People ex rel. Johnson v. Nevins*, 1 Hill, 154.

The action was brought for the discovery of the goods of

the debtor firm. The whole matter of enforcing the discovery was within the jurisdiction of the court. It was within its discretion to direct the manner in which the discovery should be made. It might require the petitioner to make discovery by the production of books and papers, by oral examination or by written statement, or by all these modes, as should appear to the court necessary and most feasible and conducive to the end in view. All this relates to practice, not to power; to form, rather than to substance. The substance of the proceeding was to obtain discovery. Error in mere form, if it exists, does not touch jurisdiction. To the end that the discovery should be complete and effectual, the court had power to require the petitioner to use all the means within his power for acquiring the information necessary to enable him to give the discovery called for. 1 Pomeroy, Eq. Jur. (2d ed.), § 204; 1 Daniell, Ch. Prac. (6th ed.), 724. And the court had no right to be deceived by untruthful statements, nor to be satisfied by evasive or prevaricating answers. Prevarication by a witness has the same effect upon the administration of justice as a refusal to answer. To the same effect it puts the witness in the position of standing out against the authority of the court, and thwarts the court in its effort and purpose of doing justice between the parties. It is contumacy. It is direct contempt of the authority of the court. *Berkson v. People*, 154 Ill. 81.

Provision is made for the examination of the defendant in an action for a discovery under sec. 3029, R. S., by sec. 3 of Circuit Court Rule XXVIII, relating to "Creditors' Actions, Supplementary Proceedings, and Receivers." It is provided that the defendant may be required to appear before a judge or court commissioner, to produce his books and papers, and to submit to such examination on oath as he shall direct, in relation to any matter which he may be legally required to disclose. Provision is also made by sec. 4096 for the examination of a party otherwise than as a

witness at the trial. This section has been held to be a substitute for the bill of discovery under the former practice. *Frawley v. Cosgrove*, 83 Wis. 441. Under this statute a party is made a witness at the instance of the adversary party. The examination is subject to the same rules which apply to the examination of other witnesses. The scope is limited only to such matters as are relevant to the controversy. And answers may be enforced by contempt proceedings. Sec. 3477 provides that courts of records have power to punish any misconduct of persons summoned as witnesses, in refusing to be sworn or to answer questions as such witnesses. Sec. 2565 provides for punishing similar misconduct as for a criminal contempt.

These statutes and rules seem, evidently, to make the petitioner's conduct in refusing to produce the books and papers of the firm, and to make truthful discovery under oath, without evasion or prevarication, a contempt of the court, and to provide for its punishment. But, if that were doubtful, the power to punish as for a contempt the refusal of a party to produce books and papers when so lawfully required, or to make discovery on oath of his property, without evasion or prevarication, is ample at the common law, without the aid of any statute. *State ex rel. Lanning v. Lonsdale*, 48 Wis. 348, 366; *People ex rel. Hackley v. Kelly*, 24 N. Y. 74; *Holman v. Mayor*, 34 Tex. 668; *State v. Matthews*, 37 N. H. 450; *Ex parte Robinson*, 19 Wall. 505; *Interstate Commerce Commission v. Brimson*, 154 U. S. 447, 489; 3 Am. & Eng. Ency. of Law, 780, and cases cited in note 4.

The substance of what was required of the petitioner was that he make truthful discovery of the property of the firm, in some form. After he had failed to produce the books and papers of the firm, and after oral examination had failed to elicit the truth, the court gave him still further time, and an opportunity to make discovery by a written

statement, to be verified by his oath. This, too, he failed to make. That the court was at all times ready to receive a truthful discovery, in whatever form, is evident from the whole course of the proceeding. But it was perseveringly thwarted by the evasion and prevarication of the petitioner.

Whether the petitioner's answers were untruthful, evasive, or prevaricating, so as in effect to amount to a refusal to answer and to give the discovery called for; or whether it was fairly within his ability to make the discovery required of him; whether his conduct was innocent or contumacious,— were questions which the exigency of the case required the circuit court to determine. The power to determine is jurisdiction. The correctness or justice of the determination of these questions by the circuit court is not open for consideration here. That determination is conclusive in this proceeding. *State ex rel. Welch v. Sloan*, 65 Wis. 647; *People ex rel. Tweed v. Liscomb*, 60 N. Y. 571.

And whether the rulings of the court which were disobeyed are to be considered as oral directions simply, is immaterial. The petitioner was bound to obey the oral directions of the court touching the discovery, during its progress, made in open court, when he was present. A refusal to do so is a direct contempt of the authority of the court.

When any such misconduct as is a contempt is committed in the immediate view and presence of the court, it may be punished summarily by fine or by imprisonment, or by both fine and imprisonment. For that purpose an order must be made by the court, stating the facts which constituted the offense and bring the case within this provision of the statute, and particularly and specifically prescribing the punishment to be inflicted therefor. R. S. sec. 3478. This was a proper case to be punished summarily, under this section. The misconduct was committed within the immediate view and presence of the court, within its meaning. *People ex*

*rel. Hackley v. Kelly,* 24 N. Y. 74.    And the order seems to be in strict compliance with the direction of this section. It recites, industriously, all the proceedings in the discovery attempted, and their failure, and that it is in the power of the petitioner to comply substantially with its requirements, and it particularly and specifically prescribes the punishment therefor.    It was not needful that the court should find and recite in the order that the misconduct was such as to defeat, impair, impede, or prejudice the rights or remedies of the plaintiffs.    It does not go upon that theory at all.    It is for a direct disobedience and contempt of the authority of the court.    Independently of any statute, the courts have inherent power to punish offenses against their dignity or authority.

When the misconduct consists of an omission to perform some act or duty which is yet in the power of the defendant to perform, he shall be imprisoned only until he shall have performed such act or duty.    In such case the order or warrant shall specify the act or duty to be performed.    R. S. sec. 3491.    The order and commitment are both in strict compliance with this section.    Both specify particularly the act to be performed, and provide that the petitioner shall be committed to the common jail of Jackson county until it shall be done.    The order adds, what would be implied without mention, " or until the further order of the court."    The term of the imprisonment is as definitely defined as the nature of the case will admit, and is not rendered indefinite by the fact that the court has the power to terminate it without compliance.

It is the duty of the court or officer, in a *habeas corpus* proceeding, to remand the prisoner whenever it appears that he is detained in custody for any contempt, specially and plainly charged in the commitment, by some court, officer, or body having authority to commit for the offense so

charged.  R. S. sec. 3427.  It would be idle to issue the writ of *habeas corpus* in a case where the court must, in the end, remand the prisoner.

*By the Court.*— The application for a writ of *habeas corpus* is denied.

The petitioner moved for a rehearing.  The following opinion was filed September 26, 1895:

NEWMAN, J.  This contempt is plainly punishable under ch. 150, R. S.  For, although it is made a criminal contempt by sec. 2565, R. S., its punishment as a civil contempt is plainly, in terms and in detail, provided in ch. 150.  It is a criminal offense and something more.  It is not only contumacy toward the court, but it tends, necessarily, to defeat the remedies of the parties.  Under either statute, such contempt, when committed in the immediate presence of the court, is to be punished summarily.  R. S. secs. 2566, 3478.  And when it is yet in the power of the delinquent to perform the act required, he is to be committed only until he shall have performed the act required and until he shall have paid such fine as shall be imposed and the costs and expenses of the proceedings.  R. S. sec. 3491.  In this case there was no fine or costs imposed.  It was a simple case of commitment until the act required shall be performed.  It seems to be plainly authorized by the statute.

There is nothing in *State ex rel. Lanning v. Lonsdale*, 48 Wis. 348, which is in conflict with this view of the statute. In that case the contempt alleged consisted in the refusal of Lonsdale to answer certain interrogatories propounded to him when giving his deposition as a witness before a court commissioner.  The proceeding to punish him for the contempt was under sec. 4066, R. S.  Lonsdale was committed until he should answer the interrogatories, not only, but until he should pay a fine of $221.17, imposed as costs and expenses

of the proceedings. The court say (p. 368): "We are unable to find in it [the case] any feature which brings it within the statute authorizing the court in such proceedings to adjudge indemnity to the aggrieved party instead of imposing a fine upon the offender. We must hold, therefore, that the order is unauthorized by law, and for that reason it must be reversed."

This case presents no such question. In this case neither fine nor indemnity was imposed. That part of the order which committed Lonsdale until he should answer, which is the same order complained of in this case, does not seem to have been questioned in that case. And nothing is said in the decision which is perceived to be in conflict with the view which the court has taken of this case.

*In re Pierce*, 44 Wis. 411, does not touch the question. That was a case of purely criminal contempt punishable under ch. 117, R. S.—secs. 2565, subd. 5, to 2568; while this is a civil contempt as well, punishable under ch. 150.

*By the Court.*— The motion for a rehearing is denied.