In re Roszcynialla.

In re Roszcynialla.

*April 18 — May 3, 1898.*

*Criminal jurisdiction:* Habeas corpus:  *Waiver.*

1. A writ of *habeas corpus* only raises the question of the jurisdiction of the court or officer to issue the process under which the prisoner is held in custody.

2. A court which has obtained jurisdiction of the person of one arrested on a charge of burglary does not lose jurisdiction to afterward try him for that offense by reason of the fact that he had in the meantime been arrested, tried, and convicted by another court

In re Roszcynialla.

for the crime of petit larceny, and was still suffering imprisonment for that offense when he was brought to trial for the burglary.

3. By appearing in court with his counsel on the trial for burglary, pleading not guilty, and going to trial without disclosing that he was then serving a term of imprisonment for larceny, and when called upon after conviction giving no reason why sentence should not be pronounced upon him, the prisoner waives the objection.

HABEAS CORPUS. *Petitioner remanded.*

*C. W. Briggs* and *C. T. McElroy,* for the petitioner.

*A. C. Umbreit* and *John L. Erdall,* first assistant attorney general, for the respondent.

[No briefs on file.]

CASSODAY, C. J.    The petitioner asks to be released from the house of correction on *habeas corpus.* It appears from the record that in June, 1897, he and two others were arrested on the charge of burglary; that upon the preliminary examination they were held for trial; that the petitioner was released upon giving the requisite bond for his appearance; that, soon after, he was arrested on the charge of petit larceny, for stealing a rooster, and was tried for that offense in a justice court, and convicted, and August 18, 1897, sentenced by the justice to the house of correction for the term of six months; that October 4, 1897, as required by law, an information was filed against him and the two other persons on the charge of burglary; that October 5, 1897, the petitioner appeared in the municipal court, and pleaded not guilty thereto; that November 2, 1897, the petitioner and the two others, with their attorneys, were all present in open court, and proceeded to trial; that such trial continued until November 5, 1897; that on that day the jury returned a verdict of guilty, as to the petitioner; that sentence was suspended, as to him, until November 6, 1897, at 10 o'clock a. m.; that November 6, 1897, the petitioner, by his attorney, moved the court for a new trial; that the hearing on

the motion was continued until November 13, 1897; that on that day, with his attorney present in open court, he, by his attorney, withdrew his motion so made for a new trial; that he was then called upon by the court to give any reason he might have why sentence should not be pronounced upon him; that, as he gave no reason, the court sentenced him to be confined at hard labor in the house of correction for and during the full term and period of two years, to commence at 12 o'clock of that day; that January 25, 1898, a circuit court commissioner, on *habeas corpus*, ordered his release on the ground that the sentence for burglary was a nullity; that the order granting such release was reversed by this court, on *certiorari*, for the reason that the commissioner had no authority to grant the same (*State ex rel. Heiden v. Ryan, ante*, p. 123); that April 12, 1897, this writ of *habeas corpus* was issued by this court in order to determine the legality of such imprisonment.

It is well settled in this and other courts that a writ of *habeas corpus* cannot be made to perform the functions of a writ of error. On the contrary, it only raises the question of the jurisdiction of the court or officer to issue the process upon which the prisoner is held in custody. *In re Eldred,* 46 Wis. 530; *In re Milburn,* 59 Wis. 24; *In re Graham,* 74 Wis. 450, 76 Wis. 366, 17 Am. St. Rep. 174, affirmed, 138 U. S. 461; *In re Pikulik,* 81 Wis. 158; *In re French,* 81 Wis. 597; *In re Schuster,* 82 Wis. 610; *In re Eckart,* 85 Wis. 681; *State ex rel. Dunn v. Noyes,* 87 Wis. 340; *In re Rosenberg,* 90 Wis. 581.

There is no question but that the municipal court obtained jurisdiction of the person of the petitioner on the charge of burglary, nor that it had jurisdiction to try him for that offense. The contention seems to be that that court lost jurisdiction to try the case by reason of the subsequent conviction and sentence of the petitioner, in justice's court, to imprisonment for six months for the crime of petit larceny.

It is true that the term for which he was so imprisoned for larceny had not expired when he was so tried for burglary; but he appeared in court, by his counsel, and the fact that he was then serving a sentence for larceny does not seem to have been brought to the attention of the municipal court until near the close of the trial, which lasted four days, and it was then only mentioned incidentally. He had appeared in court a month before, and pleaded not guilty. No objection was made to the time or place of trial. The motion for a new trial was voluntarily withdrawn. No objection was made to the time or place of sentence being pronounced for the burglary. Had the petitioner made timely request for a continuance of his trial for burglary, it probably would have been granted. If the petitioner had the power to waive the objection now made, he certainly did so. In *Knoll v. State*, 55 Wis. 256, it was insisted that in a case of murder, like that, "it was the duty of this court to review the charge, even though it was not excepted to, and, if found incorrect in the propositions of law laid down for the guidance of the jury, to reverse on that ground;" but, after careful consideration, the court held that "in criminal as in civil trials this court reviews the instructions given to the jury only so far as exceptions have been taken thereto." *Id.* 250. That ruling has been steadily adhered to. *Clifford v. State*, 58 Wis. 485, 486; *Rollins v. State*, 59 Wis. 55; *Grottkau v. State*, 70 Wis. 472; *Zoldoske v. State*, 82 Wis. 603, 604; *Porath v. State*, 90 Wis. 537.

In one of these cases it was held that "in criminal cases, unless exceptions are duly taken, no errors will be considered which do not appear upon the face of the record proper." In another of these cases the accused and his counsel claimed that in an early stage of the trial they had observed some of the jurymen being treated by the prosecution; but it was not brought to the attention of the trial court until after the verdict. The objection being raised in this court, it was

said: "Whatever may have been the motive for the delay in bringing the matter to the attention of the court, the law will not allow a party to secure a benefit by thus speculating upon the chances. In the trial of causes, as well as other matters conducted by human agencies, there will unavoidably be more or less inadvertence, irregularity, mistake, impropriety, and error. As often reiterated, the administration of the law is not an exact science; and yet it aims at substantial justice, and generally secures it. By reason of these things, parties and their counsel, in criminal as well as civil cases, are required to bring any supposed impropriety or error to the attention of the court, and obtain a ruling or action thereon, at the earliest opportunity, in order to become available. Even then the party feeling aggrieved must promptly take, and preserve in the record, his exception, or the supposed error will be deemed waived." An objection to an incompetent juror has been held waived by not taking it in time. *State v. Vogel*, 22 Wis. 471. In *State v. Lockwood*, 43 Wis. 403, it was held that, upon plea of not guilty, a jury trial could not be waived; but that case was distinguished in *In re Staff*, 63 Wis. 285, where it was held that "a statute permitting the defendant in a criminal action to waive a trial by jury is not unconstitutional." In that case the prisoner had been convicted of larceny, and sentenced to the state prison for two years; but this court refused to discharge him on *habeas corpus*, notwithstanding he had waived a jury trial, and had been convicted by the court.

For a prisoner to go to trial without objection not only waives prior irregularities, but objections going to the jurisdiction of the person. *State ex rel. Brown v. Fitzgerald*, 51 Minn. 534; *Gott v. Brigham*, 41 Mich. 227; *Ker v. Illinois*, 119 U. S. 436; *Mahon v. Justice*, 127 U. S. 700. The case is clearly distinguishable from those cited by counsel where there had been a re-sentence or double sentence for the same

·offense, as in *People v. Meservey,* 76 Mich. 223; *People v. Kelley,* 79 Mich. 320. In Nebraska it has been held that " where a person has been convicted at the same term of court of several distinct offenses, each punishable by imprisonment in the penitentiary, whether charged in separate informations, or in separate counts of the same information, the court may impose a separate sentence for each offense ·of which the prisoner has been found guilty." *In re Walsh,* 37 Neb. 454. In the case at bar the petitioner was in no way prejudiced by the sentence imposed for burglary. By ·commencing when it did, it shortened his aggregate time of ·service about three months.

We must hold that the judgment and sentence are valid · and binding.

*By the Court.*— The petitioner, *Peter. Roszcynialla,* is hereby remanded to the custody of the keeper of the house of correction for Milwaukee county.