In re Shinski.

*May 2—June 23, 1905.*

Habeas corpus: *Jurisdiction: Errors reviewable.*

1. It appeared from the record in a *habeas corpus* proceeding that petitioner had been arrested, tried, convicted, and sentenced for an offense; that the counsel assigned by the court to defend petitioner specifically waived the presence of petitioner in court during the impaneling and swearing of the jury; that thereafter petitioner and his counsel appeared in court, accepted the jury as impaneled and sworn, and proceeded with the trial; and that during the progress of the trial, and at the request of petitioner's counsel and in the presence of petitioner, the court excused one of the jurors, and the trial, by consent of all parties, proceeded with eleven jurors. *Held*, that whether any error was thereby committed was not before the court on *habeas corpus* and could not be reviewed in that proceeding.

2. Where accused is brought before a court on an information charging him with an offense of which the court has jurisdiction and to which he pleaded not guilty, that court has jurisdiction to try him upon the charge made and proceed to judgment and sentence, and, if the court therein committed error, it was error within its jurisdiction and such error cannot be reviewed on *habeas corpus.*

3. Unless there is such want of jurisdiction in the court as to render its judgment void, a person convicted and under sentence for an offense cannot be relieved on *habeas corpus*, but resort must be had to a writ of error.

4. A writ of *habeas corpus* does not reach beyond a commitment to the proceedings leading up thereto, where the person in custody is detained by virtue of the final order or judgment of a court having jurisdiction of the subject matter and of the person.

APPLICATION for a writ of *habeas corpus*. *Denied.*

The petitioner, *John Shinski,* asks to be discharged upon *habeas corpus* from imprisonment in the house of correction in Milwaukee county, on the ground that his imprisonment is illegal. A writ of *habeas corpus* was allowed by this court on application of petitioner on the 5th day of April, returnable before this court on the 2d day of May, 1905. Return was made to said writ by Wm. H. Momsen, inspector of the house of correction, showing proceedings had in municipal court by reason of which the respondent has the custody of the petitioner.

*Curtis & Mock,* for the petitioner.

For the respondent there was a brief by the *Attorney General* and *F. E. McGovern,* district attorney, and *Walter D. Corrigan* and *Guy D. Goff,* of counsel, and oral argument by *Mr. Corrigan.*

KERWIN, J. It appears from the record upon this hearing that the petitioner was arrested, tried, and convicted in the municipal court of Milwaukee county upon a charge of assault with intent to do great bodily harm, and upon such conviction was on the 31st day of December, 1904, sentenced to confinement at hard labor in the house of correction of Milwaukee county for the term of one year and six months. Attached to the petition for a writ of *habeas corpus,* and as part of the record before us, are certified copies of the information charging petitioner with the crime of assault with intent to do great bodily harm, record of the municipal court of the trial had thereon, and certificate of conviction and sentence. The alleged defects in the trial and proceedings re-

sulting in conviction and sentence, upon which petitioner re-
lies for his discharge, are that the petitioner was tried before
the municipal court of Milwaukee county, together with one
Louis Shinski, upon information for assault with intent to
do great bodily harm, and that the jury before whom peti-
tioner was tried was drawn, impaneled, and sworn while
neither petitioner nor said Louis Shinski was in court, and
that while the trial was in progress, and before a verdict had
been returned, the court excused one of the jurors from fur-
ther service, leaving only eleven jurors before whom peti-
tioner was tried upon said charge, and that the verdict of
guilty upon the charge was rendered by eleven jurors instead
of twelve.   It appears from the record that counsel assigned
by the court to defend petitioner specifically waived the pres-
ence of petitioner in court during the impaneling and swear-
ing of the jury, and that thereafter and on December 13,
1904, petitioner and his said counsel appeared in court and
accepted the jury as impaneled and sworn, and proceeded
with the trial; that on the 15th day of December, 1904, and
during the progress of the trial, and at request of petitioner's
counsel and in the presence of petitioner, the court excused
one of the jurors on account of the illness of his brother, and
the trial, by consent of all parties, proceeded with eleven
jurors.

Whether any error was committed by the trial court as
claimed by petitioner here is not before us and cannot be re-
viewed in this proceeding.   There is no question but that the
municipal court obtained jurisdiction of the person of the
petitioner upon the charge made against him.  He was brought
before the court on information charging him with the of-
fense, to which he pleaded not guilty.   The court had juris-
diction to try him upon the charge made and proceed to judg-
ment, and authority to sentence the accused to punishment
by confinement at hard labor in the house of correction of
Milwaukee county, and, if the court committed error, it was
error within its jurisdiction, and such error cannot be re-

viewed upon *habeas corpus*. As said in *State ex rel. Welch v. Sloan,* 65 Wis. 647, 651, 27 N. W. 618:

"It is only when the court pronounces a judgment in a criminal case which is not authorized by law under any circumstances in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by such judgment."

It is elementary that a writ of *habeas corpus* cannot be made to perform the functions of a writ of error, and that, upon *habeas corpus,* only questions of jurisdiction of the court or officer to issue the process upon which the prisoner is held in custody can be considered. Such writ "does not reach beyond the commitment to the proceedings leading up thereto, where the person in custody is detained by virtue of the final judgment or order of a court having jurisdiction of the subject matter and the person." *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046; sec. 3408, Stats. 1898. But it is unnecessary to pursue the matter further, since this court has so often passed upon the question, and has uniformly held that, unless there is such a want of jurisdiction in the court as to render the judgment void, the petitioner cannot be relieved on *habeas corpus,* but resort must be had to a writ of error. *In re French,* 81 Wis. 597, 51 N. W. 960; *In re Eldred,* 46 Wis. 530, 1 N. W. 175; *In re Milburn,* 59 Wis. 24, 17 N. W. 965; *In re Graham,* 74 Wis. 450, 43 N. W. 148; *In re Pikulik,* 81 Wis. 158, 51 N. W. 261; *In re Schuster,* 82 Wis. 610, 52 N. W. 757; *In re Eckart,* 85 Wis. 681, 56 N. W. 375; *State ex rel. Dunn v. Noyes,* 87 Wis. 340, 58 N. W. 386; *In re Rosenberg,* 90 Wis. 581, 63 N. W. 1065, 64 N. W. 299; *In re Roszcynialla,* 99 Wis. 534, 75 N. W. 167.

*By the Court.*—The demurrer to the return is overruled and the petitioner, *John Shinski,* is hereby remanded to the custody of the keeper of the house of correction for Milwaukee county.