### In re Harrington.

*January 30—February 23, 1906.*

Habeas corpus: *Constitutional law: Sentence to state reformatory: Transfer to state prison by board of control: Judicial powers.*

Sec. 4944c, Stats. 1898, as amended by ch. 28, Laws of 1899, authorizing the board of control, under certain circumstances, to transfer convicts from the state reformatory to the state prison, is not a conferring of judicial power on the board of control, which, by the constitution, is confined to courts.

Application for a writ of *habeas corpus.   Denied.*

Original writ of *habeas corpus* sued out to discharge petitioner from custody by the warden of the state's prison.   On May 8, 1903, he was convicted of crime and sentenced to an indeterminate term of one to seven years at the reformatory at Green Bay.   About November 23, 1905, he was transferred to the Wisconsin state prison at Waupun by an order of the state board of control, on the ground that it appeared to said board that said *Harrington* belonged to class 1, as defined by sec. 4944c, Stats. 1898, as amended by ch. 28, Laws of 1899, and that his continued presence in the reformatory was detrimental to the other inmates thereof, under which order he is now held.   A return being made disclosing these facts, the case was heard thereon.

For the petitioner there was a brief by *Morse & Johnson,* and oral argument by *R. L. Morse.*

For the respondent there was a brief by the *Attorney General,* and oral argument by *A. C. Titus,* assistant attorney general.

Dodge, J.   The petitioner seeks to assail the constitutionality of our recent statutes authorizing the indeterminate sentence and the transfer of prisoners upon the order of the board of control.   He waives discussion of the constitutionality of the portion of those statutes authorizing an indeterminate

sentence, in deference to *In re Schuster,* 82 Wis. 610, 52 N. W. 757, holding that such question would be reviewable upon writ of error to the conviction and sentence and, therefore, is not upon writ of *habeas corpus.* He, however, seeks consideration of the question whether the authority given to the board of control is a conferring of judicial power, which, by the constitution, is confined to courts. This subject is fully considered and decided in *In re Linden,* 112 Wis. 523, 88 N. W. 645, which is decisive against the contention of the petitioner.

*By the Court.*—The petitioner is remanded to the custody of the warden of the state prison, to be held as before the writ issued.