## MINNEAPOLIS WILLYS-KNIGHT COMPANY v. LUCY BERGAN AND ANOTHER.[1]

July 5, 1929.

No. 27,511.

[1] Reported in 226 N. W. 188.

*H. L. Frink* and *Donald O. Wright,* for relator.
*Ell M. Roston,* for respondent.

OLSEN, C.

Certiorari to review a conviction and sentence for contempt of court.

The statute as to what constitutes direct and what constitutes constructive contempt, and as to what the punishment shall be in either case, is clear and specific. Direct contempts are only those occurring in the immediate view and presence of the court. All others are constructive contempts. The contempt here complained of was clearly a constructive contempt. Defendant W. F. O'Dean was cited to show cause why he should not be punished for contempt for refusal to testify as to the true facts in an examination before a referee in proceedings supplementary to execution in a civil action. It is true that he appeared and answered some questions before two different judges on hearings had upon the order

to show cause, but he has not been cited or required to answer for any contempt committed in any hearing before either of the judges.

The court found defendant guilty of contempt in testifying falsely and in failing to testify as to the true facts, in effect refusing by evasions to testify before the referee, and sentenced him to confinement in the county jail for a term of 60 days.

The punishment for constructive contempt is a fine not exceeding $50, unless it appears that the right or remedy of a party to an action or special proceeding was defeated or prejudiced by such contempt. The court made no finding as to, and the record does not show, any defeat or prejudice of the right or remedy of a party, except by inference or surmise.

In that situation the sentence could not exceed a fine of $50, with imprisonment added only as a coercive measure to compel payment of the fine, if necessary, such imprisonment to continue only until the fine is paid, and in any event not beyond a reasonable time. The case of State ex rel. Holland v. Miesen, 98 Minn. 19, 106 N. W. 1134, 108 N. W. 513, controls.

The evidence is ample to show that defendant testified so evasively and falsely before the referee as to many material facts that it amounted to a wilful refusal to testify and to answer proper questions. He was properly convicted of contempt of court and should not be relieved from proper punishment. In re Singer (D. C.) 174 F. 208; In re Schulman (C. C. A.) 177 F. 191; In re Rosenberg, 90 Wis. 581, 63 N. W. 1065, 64 N. W. 299.

The sentence and judgment committing the defendant to the county jail for 60 days is reversed. Upon the going down of the remittitur herein, the defendant is ordered to appear in the district court of Hennepin county, before the judge by whom sentence was imposed, to be resentenced in accordance herewith. The district court is authorized to issue any order or warrant necessary to so bring defendant before the court.

DIBELL, J. took no part.