EX PARTE LYFORD.

(No. 6,615.)

(Submitted November 25, 1929.   Decided December 2, 1929.)

[282 Pac. 500.]

*Mr. H. H. Parsons* and *Mr. James D. Taylor,* for Complainant.

*Mr. L. A. Foot,* Attorney General, and *Mr. T. A. MacDonald,* Assistant Attorney General, for the State.

HONORABLE CHARLES W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the court.

This is an application for a writ of habeas corpus on behalf of Nat C. Lyford, an inmate of the state prison, committed by virtue of a judgment of conviction of the crime of grand larceny by the district court of Missoula county. The judgment followed a verdict of guilty.

The petition sets forth the proceedings in the district court and also the process by which the petitioner is held. The case has been submitted on the petition.

The petitioner raises no question as to the sufficiency of the information or commitment. His claim for discharge is based upon the assertion that the court lost jurisdiction by permitting an amended information to be filed changing the sex of the animal charged to have been stolen, the character of the brand, and the name of the owner, and by permitting such amended information to be amended in the same particulars when the case was subsequently called for trial. It

may be remarked that the petitioner was duly arraigned and pleaded not guilty on each occasion, and that he did not challenge the jurisdiction of the court prior to verdict.

"Where the court had jurisdiction of the person, place and subject matter, and power to render the particular sentence, its judgment cannot be successfully impeached on habeas corpus." (Church on Habeas Corpus, 356, 362; *In re Shaffer,* 70 Mont. 609, 227 Pac. 37; *State* v. *District Court,* 35 Mont. 321, 89 Pac. 63.)

"When there is jurisdiction of the party and of the offense for which he is tried, the decision of all other questions arising in the case is but an exercise of that jurisdiction." (16 C. J. 147.)

Objections as to jurisdiction of the person are waived by the defendant pleading not guilty and going to trial. (16 C. J. 174, 184; 8 R. C. L. 96; *People* v. *Hall,* 169 N. Y. 184, 62 N. E. 170; *In re Roszcynialla,* 99 Wis. 534, 75 N. W. 167; *State* v. *Bjorkland,* 34 Kan. 377, 8 Pac. 391; *Eakins* v. *State,* 7 Okl. Cr. 351, 123 Pac. 1035.)

The proceeding is dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.