No. 93-339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CITY OF MISSOULA,

      Plaintiff and Respondent,

   v.

RICHARD PRINKKI,

      Defendant and Appellant.

FILED

NOV 10 1993

CL... ...d Smith
STATE OF MONTANA
OF SUPREME COURT

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Richard Prinkki, Pro Se, Missoula, Montana

      For Respondent:

         Judith Wang, Deputy City Attorney, Missoula,
Montana

Submitted on Briefs:  October 5, 1993

Decided:  November 10, 1993

Filed:

_____
             Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Richard Prinkki pled guilty in the Missoula Municipal Court to operating a motor vehicle while his license was revoked and operating a motor vehicle while under the influence of alcohol. He appealed to the District Court for the Fourth Judicial District, Missoula County, concerning a motion to suppress evidence. That court affirmed the Municipal Court ruling. Prinkki appeals. We affirm.

The issues, raised for the first time on appeal to this Court, are whether the Municipal Court had personal jurisdiction and whether it had subject matter jurisdiction.

By pleading guilty to the offenses charged in Municipal Court without reserving the issue of personal jurisdiction, Prinkki waived that issue for purposes of appeal. See Ex parte Lyford (1929), 86 Mont. 147, 149, 282 P. 500, 500. We therefore will not consider the issue of personal jurisdiction. The issue of subject matter jurisdiction, however, cannot be waived and may be raised at any time. State v. Vanella (1910), 40 Mont. 326, 333, 106 P. 364, 366.

Municipal courts have criminal jurisdiction over misdemeanor offenses. Sections 3-6-103, 3-10-303, 46-2-204, MCA. The charges filed against Prinkki were both misdemeanor offenses. Sections 61-5-212 and 61-8-401, MCA. Therefore, the Municipal Court had subject matter jurisdiction over an action of this type.

Prinkki specifically contends that the complaint against him was improperly prosecuted in the name of the City of Missoula, because he was charged with violations of state law. However, prosecution in the name of the City was proper. A criminal charge may be brought in the name of the appropriate municipality or the name of the State of Montana. Section 46-11-401, MCA.

We hold that the Municipal Court had subject matter jurisdiction in this case. Because of that holding, we need not address Prinkki's argument that, as a result of the Municipal Court's alleged lack of jurisdiction, the District Court lacked jurisdiction.

The decision of the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

J. A. Turnage
_____
Chief Justice

3

We concur:

_John Conway Harrison_

_William E. Hunt Sr._

_[signature]_

_[signature]_
Justices