## Peter Carle *vs.* William Delesdernier.

An action of *trespass* does not lie against an officer for arresting a person, in obedience to his precept, who happens to be then privileged from arrest, as a witness attending Court.

This was an action of *trespass*, for assault, battery and false imprisonment at *Calais*, on the 19th of *June*, 1834. It appeared that on that day the plaintiff, who lived at *Princeton* about fifteen miles from *Milltown* in *Calais*, having been previously duly summoned, attended at that place as a witness, of which the defendant had notice, in a criminal prosecution before *Luther Brackett, Esq.*; that the investigation before the justice terminated about six o'clock in the afternoon, when the plaintiff was going to the residence of his son-in-law for his horse, which he had left there, with a view to return home, when he was arrested by the defendant. The plaintiff's son-in-law lived in the village of *Milltown*, a few rods from the house of the justice before whom the plaintiff attended, but in a direction opposite to that which led to the plaintiff's home.

The defendant, being Sheriff of the County of *Washington*, justified under an execution then in full force which had been put into his hands for service, which issued upon a judgment rendered against the plaintiff at the Court of Common Pleas for this County, at *March Term*, 1834, in favor of one *Paschal Gilbert*, which run against the body of the plaintiff and in which he had not the privilege of bail. Under that execution the defendant arrested the plaintiff and committed him to the jail in *Machias*, in the County of *Washington*, but without the least harshness or

severity, or the exercise of any more coercion or authority than his duty required, if he was then in its lawful exercise. The counsel for the defendant contended ; first, that he was fully justified in making the arrest and commitment complained of in virtue of the precept in his hands ; secondly, if he was not thus justified, that he was not liable to the plaintiff in this form of action. *Weston C. J.*, presiding at the trial, ruled against him upon these points, intending to reserve them for the consideration of the whole Court, and with a view to settle other facts in the case. The jury returned their verdict for the plaintiff. If in the opinion of the Court the defendant was justified under the execution aforesaid, or if liable at all, not in this form of action, the verdict was to be set aside and the plaintiff was to become nonsuit, otherwise judgment is to be rendered thereon.

*F. Allen* and *Bridges*, for the defendant, contended :

That the defendant, acting under a precept in full force against the plaintiff, was bound to arrest him, and of course was justified in so doing. The officer is not the judge whether the plaintiff is or is not a witness. The Court is to judge of that, and if he be arrested while attending on the Court, he will be set free by the Court. ' The officer is not to hear and judge whether the debtor is, or has been, attending Court, at the peril of paying damages, if he arrests, when he should not, and of paying the debt, if he does not arrest, when he should. But were it certain, that the plaintiff was privileged from arrest, it would not alter the case. An action of trespass cannot be maintained for thus obeying the mandate of the law. The privilege is the privilege of the Court, and not of the witness. *Cameron* v. *Lightfoot,* 2 *Wm. Bl. Rep.* 1190 ; *Cameron* v. *Bowles, ibid.* 1195 ; *Tarleton* v. *Fisher, Doug. R.* 646 ; *Vail* v. *Lewis,* 4 *Johns. R.* 450 ; *Ray* v. *Hodgdon,* 11 *Johns. R.* 433 ; *Swift* v. *Chamberlain,* 3 *Conn. R.* 537 ; 5 *Dane,* 186.

But if any action can be maintained, trespass will not lie. *Plummer* v. *Dennett,* 6 *Greenl.* 421.

*Mellen* and *Chandler*, for the plaintiff, urged :

That this was an arrest of the plaintiff, when he was not liable to be arrested, and that the report shew, that the defendant knew this fact. This is not a mere contempt of Court, but a violation

of the rights and the liberty of the defendant. It was an illegal arrest, for which the plaintiff has a remedy by an action of trespass, on the principles of the decision in *Illsley* v. *Nichols,* 12 *Pick.* 276. It is like the case of an attachment of goods by breaking into a dwellinghouse, and arresting a person; where the party making the arrest is liable for the injury in an action. The injury is direct and not consequential, and trespass is the proper remedy. The case cited on the other side, *Swift* v. *Chamberlain,* 3 *Conn. R.* 537, is an authority in our favor. The writ of execution was no protection to the defendant, and he is liable to the plaintiff in the same manner, as he would have been, if he had thus acted without any precept.

The action was continued *nisi,* and the opinion of the Court was afterwards drawn up by

WESTON C. J.— The authorities cited for the defendant, to show that an action of trespass does not lie against a sheriff, for arresting a person, in obedience to his precept, who happens to be privileged from arrest, are numerous and direct. Among the most prominent are *Tarleton* v. *Fisher et al.* 2 *Douglas,* 671, and *Cameron* v. *Lightfoot,* 2 *Wm. Bl.* 1190, and *Cameron* v. *Bowles et al.* for the same cause, 2 *Wm. Bl.* 1195. The first was brought by a party privileged from arrest, under an insolvent act, which prescribed that he should not be liable to be arrested, by *virtue of any civil* process out of any court; and if arrested that he should be discharged. In violation of this exemption, he had been arrested under a writ of attachment from the court of exchequer. The general doctrine laid down by the court was, that trespass and false imprisonment will not lie against a sheriff or his officer, for arresting in virtue of a precept, a person privileged from arrests. *Buller J.* says in that case, " the general law as to sheriffs is, that if a sheriff has acted in obedience to the mandate of the court, he is excused. If he arrest a peer, the writ is erroneous, yet he is not a trespasser for executing it." And yet a peer of the realm, having high duties to perform, holds his privilege principally for the sake of the public.

In the cases from *William Blackstone,* both of which were for the same cause, a witness had been arrested under a precept,

while on his return from court. He brought trespass and false imprisonment against the officer, and a verdict was taken in his favor, subject to the opinion of the Court, whether the action would lie. The Court held that it would not, and *De Grey C. J.* by whom their opinion was delivered, goes into a consideration of the authorities, and adverts to many cases, where a privilege from arrest exists, yet he adds, that " though in many cases the process is declared void, yet in none has any instance been produced, of an action of false imprisonment being brought, much less will it lie in the present case, where the writ is not void, nor the arrest illegal, but only improperly timed."

In *Brent* v. *Broadstreet et ux.* 3 *T. R.* 183, *Lord Kenyon* regarded it as incomprehensible to say, that a person shall be considered as a trespasser, who acts under the process of the court. *Plummer* v. *Dennett, 6 Greenl.* 421, did not turn upon any personal privilege, but the court advert with approbation to cases and principles, which bear against the maintenance of the action under consideration.

Although there must have been numerous arrests, upon precepts, of privileged persons, who have been discharged upon motion or upon *habeas corpus*, not one case has been cited or referred to, where trespass has been brought against the officer, and been adjudged to lie. This of itself is evidence, not to be disregarded, that the law has been understood to be against it.

If for the protection of persons, entitled *to* an immunity from arrest, in certain cases, or for certain periods, it *is* necessary that they should be allowed to maintain an action of trespass against an officer, in cases like the one under consideration, in addition to the remedy afforded by *habeas corpus*, it must be granted by the legislative power. We do not feel at liberty to sustain it, against the current of authorities, which are of too uniform and decided a character, to be affected by any inference to be drawn by analogy, from the case of *Illsley* v. *Nichols et al.* 12 *Pick.* 270.

The opinion of the Court is, that if the defendant is liable at all, it is not in this form of action. The verdict is accordingly set aside.

*Plaintiff nonsuit.*