Chase *v.* Fish.

## Simon Chase *vs.* Ira Fish & *al.*

Filing a brief statement of the special matter of defence to the action, under the *stat* of 1831, *c.* 514, " to abolish special pleading," is a substitute for special pleading at common law ; and the party filing such statement, is entitled to the same rights under it as he would have had by pleading the same subject matter in a special plea before the statute, and no more.

And in an action on a bond, where the defendants pleaded the general issue, and filed a brief statement, alleging that the bond was obtained by duress, they were limited to the same grounds of defence as they would have been before the statute, had they pleaded the general issue, and pleaded specially, that the bond was obtained by duress.

An officer, who acts according to his precept in making an arrest, is not a trespasser, although the party arrested is privileged from arrest.

One who has been elected a member of the legislature, but who has not taken his seat, may waive any privilege from arrest existing by virtue of such election.

Where one who had been elected a member of the legislature, on his way to the place of meeting, was arrested on an execution, having waived his privilege from arrest as a member, and was committed to prison, and there gave the poor debtor's bond to obtain his release, such bond is not void for duress.

The action, commenced *April* 30, 1836, was debt upon a bond dated *Jan.* 2, 1836, given by *Fish* as principal, and the other de-

fendant as surety, to procure the liberation of *Fish* from prison, conditioned that he should continue a true prisoner, within the limits of the jail yard, until lawfully discharged, and to surrender himself, and go into close confinement in nine months and three days, unless sooner lawfully discharged. The general issue was pleaded, and a brief statement filed, alleging that the bond was obtained by duress. Before the arrest of *Fish* upon the execution, he had been elected a Senator, to represent the county of *Penobscot*, in the Legislature of the State for the year 1836. A deputy sheriff received the execution on which the arrest was made, with orders to collect it or commit the debtor forthwith, and on the last *Monday* of *Dec.* 1835, called on *Fish* at his residence in *Lincoln*, and disclosed his orders. *Fish* replied, that he should be in *Bangor* on *Friday* of that week, and should rather be committed there, than to go down on purpose, but that he should protest against being committed at all, as he was a member of the legislature, and could not legally be committed. The officer told him, that he could not go to *Bangor* at that time, but for *Fish's* accommodation would hand the execution to another officer who would be there at the time proposed. The officer to whom the execution was delivered, saw *Fish* at *Bangor* on the following *Friday, Jan.* 1, who agreed to be committed the next morning, but at the same time protested against the right to commit him, and said, if he was committed, he must give a bond. He was committed the next morning, and liberated on giving the bond declared on to procure his discharge. On *Monday* morning next following, *Fish* left *Bangor* for *Augusta*, and attended to his duty on *Wednesday* of that week, the first day of the session, as a member of the legislature, and continued his attendance until the adjournment. The distance from *Augusta* to *Bangor* was agreed to be sixty-six miles, and from *Bangor* to *Lincoln*, fifty miles; and that stages passed every day between *Augusta* and *Bangor*, and every day but *Sunday*, between *Bangor* and *Lincoln*.

The trial was before Shepley J. who instructed the jury, that if it was proved to their satisfaction, that it was agreed between *Fish* and the first officer, and was their design to give the officer the same right to arrest *Fish* on *Friday*, which he had the preceding *Monday*; and that it was agreed and designed that the officer

should have the same right to arrest *Fish* on *Saturday* as on *Friday*, then they might consider *Fish* as having waived his privilege from arrest on *Saturday*; that being different officers would not alter or change the right to arrest; and would then find a verdict for the plaintiff; but if not so proved, they would find for the defendant. The jury found, that the privilege of *Fish* had been by such agreement waived; that he was on his way to attend the legislature when arrested; and that he was not taking an unreasonable time to travel from his home to attend the legislature. They found a general verdict for the plaintiff, which was taken subject to the opinion of the whole Court.

*A. G.* and *D. T. Jewett*, for the defendants, contended, that by the *stat.* 1835, *c.* 195, jail yards were abolished, and that the condition of the bond had not been broken, when this suit was brought, the nine months not having then elapsed; that as a member of the legislature, *Fish* was at the time privileged from arrest; that he did not waive any rights, because at the time he protested, that he was not liable to arrest, and because he had no power to waive his right to attend the legislature, for it was the right of his constituents; that a privilege from arrest was a privilege from imprisonment, and that *Fish* had the constitutional right to attend the legislature without subjecting himself to an action; and that the bond was void, as against public policy. They cited *Const.* of *Maine, Art.* 4, *part* 3, *sec.* 8; same *Art. part* 2, *sec.* 4; 2 *Petersdorff's Ab.* 209; 2 *Com. Law Rep.* 388; *Baylies* v. *Fettyplace*, 7 *Mass. R.* 338; 1 *Binney*, 77; 1 *Dallas*, 297; 4 *Munroe*, 539; 4 *Har. & McHen.* 295.

*Rowe*, for the plaintiff, argued, that the only matters put in issue by the pleading of the defendants are what would be triable at common law, under the pleas of *non est factum*, and of duress; and therefore that the objections now taken, though not made at the trial, that the bond was not according to the provisions of the statute, and that the action was brought too early, are inadmissible. Whatever is not denied by the pleas is admitted. 1 *Chitty's Pl.* 425; *Saund. Pl. & Ev.* 191, 407, 445; *Wheaton's Selw.* 493; *Stark. Ev. Bail Bond.* He also argued, that if it were competent for the defendants to make these objections, that they must be unavailable as a defence. He contended, that *Fish* was not privileged from arrest. Privileges are to be construed strictly. *Coffin*

v. *Coffin*, 4 *Mass. R.* 28 ; 2 *Johns. Cases*, 415 ; *ib.* 222.   Although decisions on this particular part of the constitution may not be found, yet there are in principle decisions in our favor.   *Hobbs* v. *Getchell*, 8 *Greenl.* 187 ; 4 *Bac. Ab.* 233, *Priv. C. 4.*   That privilege may be waived, is never questioned in *England*, but constantly admitted.   2 *H. Black.* 267, 299 ; 2 *Moore & Scott*, 581 ; 6 *Barn. & Cr.* 84.   And in this country it has been expressly so decided.   4 *Dallas*, 107 ; *Brown* v. *Getchell*, 11 *Mass. R.* 14. But in this case no privilege had attached when the officer would have arrested *Fish*, had he not voluntarily for his own convenience substituted a later day.

The opinion of the Court was drawn up by

WESTON C. J. — This is an action of debt on bond.   The defendants have pleaded the general issue, under which by virtue of the *stat.* 1831, *c.* 514, they are entitled to give any special matter in evidence, upon filing in the cause a brief statement of such special matter.   Under this statute, the defendants have filed a brief statement, assigning duress as a special ground of defence.   As this is a substitute for special pleading, the defendants have the same rights, and no more, as they would have had, if before the statute, under leave to plead double, they had pleaded the general issue, and a special plea in bar, that the bond had been obtained by duress.   The execution of the bond is not controverted.   The plaintiff therefore is entitled to judgment, unless duress has been made out ; to which single point, as the only special matter set forth in the brief statement, the defendants are now limited.

The ground of duress relied upon, is an unlawful arrest or imprisonment.   The officer had an execution in favor of the plaintiff, against the principal defendant, *Fish*, in which he was commanded to arrest his body.   *Fish*, as a Senator for the State of *Maine*, claims to have been exempted from arrest, by virtue of *art.* 4, *part* 3, *sec.* 8 of the constitution.   In our judgment, the officer, obeying his precept, was not bound to decide at his peril, first, that *Ira Fish* was a Senator of the State, secondly, that the execution debtor was the same person, and thirdly, that he was on his way to attend a session of the legislature.   If he was entitled to the immunity claimed, there are legal modes, by which his privilege might

be vindicated. It might have been done by order of a court of competent jurisdiction, or by a Judge on habeas corpus, and possibly under the authority of the body, of which he was a member.

An officer, who acts in accordance with his precept, is not a trespasser, although the party arrested may be privileged from arrest. *Carle* v. *Delesdernier*, 13 *Maine Rep*. 363 ; *Tarlton* v. *Fisher*, *Douglas*, 671. In the latter case, *Buller J*. holds the officer excused in arresting a peer, if such is the mandate in the process he executes. And that case is a strong authority to show, that the responsibility of determining the legal validity of the exemption, is not thrown upon the officer. *Mr. Fish* had not taken his seat in the Senate ; and it belonged to that body to determine definitively, whether he was duly elected.

In *Comyn's Dig. title Dignity*, (F. 3,) it is said, if a peer be arrested by a process, which names him a peer, a supersedeas shall go. If he never sat as a peer, nor be named so, he ought to plead. And the court refused to try the right of a peer, who had never sat in parliament as such on motion. *Lord Banbury's* case, 2 *Ld. Raymond*, 1247. The case of the *Earl* of *Lonsdale* v. *Littledale*, 2 *Hen. Bl.* 267, 299, and of *Digby* v. *The Earl of Sterling*, 2 *Moore & Scott*, 581, show the strictness required, where the privilege of peerage is asserted. Privileges of this character, although founded upon what the public interest is supposed to require, when set up at the instance of the party, are regarded as personal, and such as may be waived expressly, or by implication, when not asserted at the proper time and in the proper manner.

In this case, the jury have found an express waiver of privilege, by the principal defendant. And they were well warranted in this deduction, from what he said to officer Haynes, who thereupon desisted from arresting him at a certain time, when, very clearly, the exemption claimed had not attached. In connection with this testimony, the jury might understand, that the protestation he afterwards made to Saunders, amounted to little, if any, more than this, that although he agreed to be committed, which he then did, the officer, nevertheless, had no right to commit him. But we are of opinion, that the arrest, being made in obedience to the precept, and upon a waiver of privilege by the principal defendant, the point of duress, taken in defence, is not sustained.

*Judgment on the verdict.*