# JULY TERM, 1840.

## DOTY vs. STRONG.

1. PRIVILEGE FROM ARREST.—The privilege from arrest guaranteed by the constitution to members of congress extends as well to delegates from the Territories as to senators and representatives from the States.

2. The privilege is not only a privilege from arrest, but also from trial.

ERROR to the District Court for the County of *Iowa.*

This was an action brought by *Moses M. Strong,* plaintiff below, against *James D. Doty,* impleaded with David Jones and Alexander Irwin, to recover certain damages alleged to have been sustained by said plaintiff by reason of the non-performance of a certain contract alleged to have been made with the said defendants, *Doty,* Jones and Irwin, as directors of the Fox River Transportation Company, to convey and transport in Durham boats certain goods and merchandise of the said plaintiff *Strong,* from Green Bay to the Wisconsin Portage. The defendants, against whom a joint liability was alleged in the plaintiff's declaration, all resided in the county of

Doty vs. Strong.

Brown.   Process was served upon only one of the defendants, to wit, *James D. Doty*, in the county of Iowa. Application was made by defendant *Doty* to the district court for the county of Iowa, before whom the cause was tried, for a change of venue to the county of Brown, where it was said all of the defendants resided, and the cause of action, if any, arose.   This application was overruled.   The defendant's counsel then filed an affidavit for a continuance of the cause to the next term of the district court, on the grounds that the defendant *Doty* was at that time, and had been for some months previously, necessarily absent on public business, as delegate in congress for the Territory of Wisconsin; that, in consequence of such absence, his attorneys had been unable to prepare his cause for trial at that term of the court; that the said defendant *Doty* had, as the affiant verily believed, a good defense upon the merits; that there was no separate and individual liability on the part of said *Doty;* that the witnesses to establish such defense resided in the town of Green Bay and county of Brown; but their names, in consequence of said defendant's absence, the defendant's counsel had not been able to ascertain, and, consequently, could not procure their attendance at the trial; and that a trial at that term would be the means of great injustice being done to the said defendant *Doty*.

This application for a continuance was likewise overruled.

The cause was then tried, and a special verdict was rendered against one of the said defendants, to wit, the said *James D. Doty*, impleaded with David Jones and Alexander Irwin.

The said *Doty*, the plaintiff in error, assigns the following errors:

1st. The court erred in denying the application for a change of venue to the county of Brown, where all the defendants resided, and where the cause of action, if any, arose.

2d. The court erred in overruling the application for a continuance of the trial to the next term of the court, while the said defendant was necessarily absent on public business as delegate in congress from the Territory of Wisconsin, and therefore was not bound to appear and answer, and when defendant's counsel had not an opportunity, by reason of the absence of said defendant on such public business, of preparing his cause for trial.

3d. Where the plaintiff in his declaration alleges a joint liability against several defendants who are impleaded together, it is error to return a special verdict against one of the defendants, as was the case in this instance, but the verdict should be a general one against all the defendants.

*M. M. Jackson*, for plaintiff in error.

*M. M. Strong* and *F. J. Dunn*, for defendant in error.

MILLER, J.    Three errors have been assigned by the plaintiff in error on which he asks this court to reverse the judgment against him in the district court of Iowa county.

1. The court erred in refusing a change of venue.

2. The court erred in overruling the motion to continue the trial of the cause made on behalf of *Doty*, the defendant, on the ground that he was at the time a delegate in congress from this Territory, and then absent at Washington in his attendance upon Congress, then in session.

3. The court erred in entering judgment against the defendant alone, while two other persons were included in the writ as defendants, but not served, the statute requiring judgment to be recorded against all the defendants named in the writ, whether served with process or not.

As the case is to be remanded to the district court, and as there has been lately enacted by our legislature a law authorizing a change of venue in this Territory, it is unnecessary to decide this question.    Similar reasons to those embraced in the application in this case are included

in the law lately enacted and now in force, and a new application can be made to the judge if desired. This disposes of the first assignment of error.

On the third error it is considered not necessary to adjudicate at this time, it being probably a subject of correction, if necessary, on the record in the district court.

The cause turns upon the second error assigned. An application for a continuance is generally addressed to the discretion of the court, and is not probably the subject of a writ of error in this Territory. But of this we give no positive opinion. This case is decided exclusively on the question of privilege. When the cause was called in the district court for trial, *Doty*, by his counsel (he being the only defendant who was served with process and had pleaded to the action), presented an affidavit to the court setting forth in substance the facts contained in the assignment of error. In this he pleaded his privilege, informally, but substantially, which was overruled by the court. The defendant relied upon the 6th section of the 1st article of the constitution of the United States, which, in speaking of the senators and representatives in congress, contains the following language: "They shall, in all cases except treason, felony and breach of the peace, be privileged from arrest during their attendance at the session of their respective houses, and in going to or returning from the same." The reason of this provision is obvious. The people elect their representatives to congress to protect their rights and advance their interests, which should not be jeoparded by the arrest of their representative for debt or private contract of his own, and it is equally necessary that his rights and interests should be protected while absent in the public service.

In order to render this provision available to the extent of its necessity, it will not do to construe the words *privilege from arrest* in a confined or literal sense. A

liberal construction must be given to these words upon principle and reason. It is just as necessary for the protection of the rights of the people that their representative should be relieved from absenting himself from his public duties during the session of congress, for the purpose of defending his private suits in court, as to be exempt from imprisonment on execution. If the people elect an indebted person to represent them, this construction of the constitution must also be made to protect his rights and interests, although it may operate to the prejudice of his creditors; but the claims of the people upon his personal attendance are paramount to those of individuals, and they must submit. We have only been able to find one authority on this subject, after a careful search. It is a decision of the supreme court of Pennsylvania, in the case of *Geyer's Lessee v. Irwin*, 4 Dall. 96. That decision was made upon the same provision in the constitution of that State, and couched in the same language as that under consideration. The court in that case declared that "a member of the general assembly is, undoubtedly, privileged from arrest, summons, *certiorari* or other civil process, during his attendance on the public business confided to him, and that, upon principle, his suits cannot be forced to a trial and decision while the session of the legislature continues."

It was urged in the argument that this provision did not apply to this case, as the defendant is only a delegate from a Territory, and not a member from a State. We do not think so. He is entitled to a seat on the floor of the house as the representative of the people of the Territory, elected with all the powers, rights and privileges of a member from a State, except the power to vote. With this exception he is a member of the house of representatives, and entitled to the same constitutional privileges.

It is the opinion of the majority of the court (his honor, Chief Justice DUNN, *dissenting*), that the judg-

ment in this case be and the same is hereby reversed, with costs, and that the same be certified to the district court of Iowa county, to be further proceeded in as to justice and right may appertain.

DUNN, C. J., *dissenting.* In dissenting from the opinion delivered in this case by their honors, Judge IRVIN and Judge MILLER, I shall, as a member of this court, briefly state the grounds of dissent, which are the same that influenced the decision of the district court, on the point which has been decided by this court to be error.

It has already been stated that there were three errors assigned in this case. Two of these this court has not deemed it necessary to decide upon. The other is, that the district court erred in overruling the motion to continue the trial of the cause, made on behalf of *Doty*, the defendant, on the ground that he was at the time a delegate in congress from this Territory, and then absent at Washington, in his attendance as such upon congress, then in session.

In considering this ground of error, I shall notice those points which present themselves on the face of the assignment. First. Can the decision of a court upon a motion for a continuance, addressed to the discretion of the court, to be exercised upon a review of all the circumstances of the case, be error, and reversable in this court? The weight of authorities certainly answers this question in the negative, and the opinion of this court in this case intimates as much. Is the plaintiff in error entitled to the privilege said to be set up by him in this case? It is admitted that a delegate is entitled to the same privileges as a member of congress, as to arrest, under the 6th section of the 1st article of the constitution of the United States ; and, further, if the plaintiff in error had set up the privilege at a proper time, and in a proper manner, the district court should have allowed it. It appears, from the records in this case, that the suit was com-

menced in the district court, declaration filed, summons issued and personal service on *Doty* made on the 25th day of June, 1839 ; that *Doty*, the defendant in the suit, appeared by his attorney at the September term of the district court thereafter, and pleaded the general issue. The said *Doty* was then duly notified and in court from 25th June, 1839, to 22d April, 1840 ; and between those dates, at the September term, 1839, appeared and pleaded by his attorney.

It does not appear from the same record that any diligence was used, by issuing subpœnas for witnesses, or in any other way, to prepare the case for trial. After plea and issue from the September term to the first Monday of December following (the day of meeting of congress), *Doty* had free intercourse with his counsel and time to prepare for defense. It is true that he was absent in congress at the April term, 1840, and the statement in the affidavit for continuance, "that on account of such absence at that time his attorneys could not learn the names of his witnesses and have them cited to attend the court at the trial," does not answer fully the facts in the record. Although it is true that at the time referred to he was absent, and for that reason his attorneys could not then procure from him the names of his witnesses, his negligence in the *interim* between notice and the meeting of congress, during which interval he had employed counsel, and they had pleaded for him and made up an issue, is not accounted for, and he cannot set up constructively his privilege at so late a period to excuse such palpable negligence. It would be permitting him to neglect at the proper time that which he was bound by law to do, and postpone his preparation until a period should arrive when he might claim his privilege, and thereby take advantage of his own wrong to the prejudice of the person prosecuting a claim against him.

On the last point, has *Doty* set up at all in proper manner his privilege ? He has not. In the affidavit for continuance one of his attorneys assigns as a reason why

they could not learn the names of his witnesses, "that he was at the time of making the affidavit absent in attendance in congress as delegate." It may be collected from this that he was a delegate and absent, and for that reason his attorneys could not learn the names of his witnesses at that time. Is this setting up and claiming a privilege, as contemplated in the Pennsylvania case referred to, or in any other adjudicated case, in point? Certainly not. It will not be contended that he could not, if he had a privilege, waive it. The court is not bound to set it up for him. He should have done it at a proper time and in a proper manner, so that the plaintiff might have traversed the fact of his being in a situation to obtain the privilege; and this could be done in two ways, first, by denying that he was delegate, and second, if a delegate, by denying he was then on duty in congress, or employed in going to or returning from congress, and if either point had been found for the plaintiff, the claim of privilege would and properly should have been overruled. These are the reasons which influence me to dissent from the opinion of the court in this case.