NOLAN v. The UNION. See Case No. 14,-345.

NOLAND (BAUGH v.). See Case No. 1,114.

NOLAND (FOOTE v.). See Case No. 4,915.

NOLTON (UNITED STATES v.). See Case No. 15,897.

## Case No. 10,290.

### NONES v. EDSALL.

[1 Wall. Jr. 189.][1]

Circuit Court, D. New Jersey. April, 1848.

CONGRESS—RIGHT OF MEMBER TO CONTINUANCE OF SUIT DURING SESSION.

Attendance upon congress, as a member of that body, does not confer such "privilege," as to entitle a party to have a postponement of his suit as a matter of right; though the court may grant a postponement under particular circumstances (and did grant it in this case), in its discretion, and upon terms. The dictum in Geyer's Lessee v. Irwin, 4 Dall. [4 U. S.] 107, is not law.

This case being set down for trial at the present term of this court, the counsel of the defendant moved for a continuance, claiming it as a matter of right, and assigning for cause—what was admitted to be the fact—that the defendant is a member of congress, and at this time in attendance upon congress at Washington City. It appeared also that the defendant was sick at Washington, and had been unable to subpoena his witnesses or prepare his cause for trial. In asking a continuance, the counsel of the defendant relied on a case in the supreme court of Pennsylvania, A. D. 1790,—Geyer's Lessee v. Irwin, 4 Dall. [4 U. S.] 107,—where Mr. Lewis, producing an affidavit of a just defence, moved to set aside a judgment, which had been entered some time before, in a case on the trial list, against a member of the general assembly of the state; assigning as ground, principally, that the defendant was a member of that body attending his public duty at Philadelphia at the time when the judgment was entered. The counsel of the party, it appeared, however, had been present, and without claiming privilege had confessed judg-

[1] [Reported by John William Wallace, Esq.]

ment rather than go to trial without proofs; and it was on that account that the court refused to open judgment. The omission to claim privilege at the proper time, says the court, "amounts to a waiver, by which the party is forever concluded." But no doubt was entertained by the court, if the privilege had been claimed at the proper time—when the case was called—that the cause should have been continued. "A member of the general assembly," says the court, "is undoubtedly privileged from arrest, summons, citation or other civil process during his attendance on the public business confided to him. And we think that upon principle, his suits cannot be forced to a trial and decision while the session of the legislature continues."

GRIER, Circuit Justice. We cannot allow you to continue this case as a matter of right, on your claim of privilege. The opinion expressed by the supreme court of Pennsylvania in the case cited, has been considered rather as a dictum than a decision; and we do not think it founded on correct principle, or supported by precedent. Members of congress are privileged from arrest both on judicial and mesne process, and from the service of a summons or other civil process while in attendance on their public duties. Indeed, it was at one time doubted whether this privilege from arrest extended to judicial or final process. Starrett's Case, 1 Dall. [1 U. S.] 356.

But though that is now conceded, because an arrest would interfere with his public duties, yet none of the reasons on which this privilege is allowed, can extend it to the right to continue a cause pending in court. We cannot allow it propter dignitatem, alone, unless as a matter of comity, which would require the consent of the opposite party. Assuming the fiction of law to be a practical truth, that a member of congress cannot absent himself from his duties unless to the detriment of the public, yet it does not necessarily follow, that if this trial proceed the defendant need be compelled to neglect his public duties. In contemplation of law he is already in court by his counsel; and his personal attendance is not required at the trial either in theory or in practice. We all know that causes are tried in this and every other civil court, almost daily without the presence of the parties. Any other person may be employed to subpoena witnesses, and if the attorney be properly instructed in this case, the presence of his client on the trial is of little importance. Hence, it is well settled that the sickness of a party is, of itself, no sufficient reason for postponing the trial of a cause. If a physical inability to attend court be not a sufficient reason for postponing a cause, it is not easy to perceive why a factitious or fictitious inability should be vested with any higher privilege.

We are not willing, therefore, to concede to the defendant a continuance of this case, when claimed as a matter of privilege and right; but we are disposed to grant it, in the exercise of our discretion, and for the reasons urged, on condition of payment of the costs of the term. Continuance granted.