BROWER *v.* TATRO.

1. ARREST—JURORS—PRIVILEGE—CIVIL WARRANT.
   One in attendance upon court as a juror impaneled and drawn for the current term is privileged from arrest on a civil warrant issued out of justice's court.

2. SAME—WAIVER.
   The privilege, however, is a personal one, going, not to the validity of the process, but to that of the service. and it may therefore be waived.

3. JUSTICES OF THE PEACE—MOTION TO QUASH—SUFFICIENCY OF SHOWING.
   The statement of counsel on a motion to quash in justice's court, that the defendant, who was arrested on a civil warrant, was a juror in attendance on the circuit court, is too informal to establish the fact of his privilege from arrest.

4. SAME—CONTINUANCE—AFFIDAVIT.
   But the filing of an affidavit sworn to on February 18th, showing that defendant was on that day engaged in the circuit court as a juror, that cases were assigned for each day from February 18th to and including the following week, and that, by reason of his duties as a juror, he could not go to trial on February 19th in the case against him, entitled him to a continuance, and it was error to proceed to judgment in his absence.

Error to Berrien; Coolidge, J. Submitted October 6, 1897. Decided December 21, 1897.

Trover by Jacob Brower against Louis N. Tatro. A judgment for plaintiff in justice's court was reversed on *certiorari*, and plaintiff brings error. Affirmed.

*James O'Hara*, for appellant.

*Gore & Harvey*, for appellee.

HOOKER, J. The return shows that the defendant was brought before a justice on a civil warrant on the 16th day of February. His attorney moved the court orally to quash and dismiss the proceedings for the reason that the defendant was privileged from arrest, being a juror for the circuit court, which was then in session. The counsel for plaintiff made the point that this was not shown by affidavit, and also claimed that there was no privilege granted to jurors. The court denied the motion. The record contains no evidence that any showing was made that the defendant was such juror at the time, unless the statement of counsel is to be considered sufficient. Thereupon the defendant pleaded the general issue, and moved an adjournment to March 20th. The court adjourned the cause until February 19th. It does not appear that any showing was made. The defendant was left in the hands of the officer who made the arrest. On the 19th his counsel appeared and moved for an adjournment, upon the ground stated in an affidavit then filed, sworn to on the 18th of February, that he was at that time —*i. e.*, the 18th day of February—engaged in the circuit court as a juror, having been impaneled and drawn for the then current term; that cases were assigned for each day from February 18th to and including the following week; that to compel him to go to trial during said term would be a contempt of the circuit court; and, further, that by reason of his duties as a juror he could not go to

trial in said cause. The motion was denied. Defendant's counsel abandoned the case, and the plaintiff took judgment. The case was reversed in the circuit court upon *certiorari*, and is brought here by writ of error.

We have no means of knowing the ground upon which the learned circuit judge reversed said cause. Among the errors assigned are that the justice erred in overruling defendant's motion to dismiss the proceedings and discharge the defendant, and that he erred in overruling the motion for continuance. Whether a discharge from arrest would have been equivalent to a dismissal of proceedings, we need not inquire, as he was not discharged. The questions before us are whether the proceedings should have been dismissed or continued.

The warrant was not void, because it was based upon a sufficient affidavit; but, if the defendant was a juror at the time of his arrest, such arrest was a breach of his privilege, and he had a right to be discharged from arrest by any proceeding legally adapted to the purpose. Until he took the necessary steps to bring before the justice the fact that his arrest was a breach of his privilege, there would be nothing to show that there was a defect of jurisdiction. The want of jurisdiction does not appear upon the face of the proceeding, but depends upon extrinsic facts, and, under the ordinary rule, must be pleaded, unless the proceedings are quashed upon motion, or in obedience to a *mandamus*. The jurisdictional question would not go to the validity of the process (see *Van Wezel* v. *Van Wezel*, 1 Edw. Ch. 113), but to that of the service; and, whether the question should be raised on motion to quash or plea to the jurisdiction, the claim of privilege would be open to dispute, and the judgment would be final unless reversed. Had the justice quashed these proceedings and dismissed the case on the statement of counsel, without other evidence that the defendant was a juror, the case would have been reversed upon *certiorari* at the instance of the plaintiff.

Exemption from arrest is a personal privilege, and may

be set up in abatement of an action, or may be waived; and it has been held that the waiver is complete when the party or witness fails to claim at once, and does some act in the cause in reference to his appearance or defense. *Petrie* v. *Fitzgerald*, 1 Daly, 401; *Humphrey* v. *Cumming*, 5 Wend. 90; *Smith* v. *Jones*, 76 Me. 138 (49 Am. Rep. 598). In *Green* v. *Bonaffon*, 2 Miles, 219, it was held that privilege must be set up within a reasonable time after arrest, or it will be waived. *Chase* v. *Fish*, 16 Me. 132; *Woods* v. *Davis*, 34 N. H. 328. In *Tipton* v. *Harris*, Peck (Tenn.), 414, giving prison bonds was held to be a waiver. In *Randall* v. *Crandall*, 6 Hill, 342, a plea in bar is said to be a waiver of privilege. In a note to be found in Cooley, Const. Lim. 161, it is said that it is not a trespass to arrest a person privileged from arrest, *even though the officer be aware of the fact;* that the arrest is only voidable; and, in general, the party will waive the privilege unless he applies for discharge by motion or on *habeas corpus*. See cases cited. The case of *People* v. *Judge of Superior Court*, 40 Mich. 729, holds that the arrest is not void, but voidable, and that privilege from arrest is primarily for the benefit of the person privileged. These authorities are cited, not to sustain the proposition that the defendant waived his privilege,—a question that need not be discussed,—but as showing that the proceedings before the justice are not void, but voidable, and that, the defendant not having established the fact of his privilege upon his motion to quash, the proceedings should not have been quashed.

We are of the opinion, however, that the obligation to attend the session of the circuit court as juror was a good ground for adjournment. It is true that the statute does not mention this as a ground for adjournment, but duties imposed by law made it impossible for the defendant to be present before the justice without a breach of such duties. Under such circumstances he should not be compelled to permit his case to be tried in his absence, and without the benefit of his presence. We think the jus-

tice should have granted the adjournment. The justice returns that the statute (2 How. Stat. § 6837) required him to try the case within three days; but a reference to the section shows that this requirement yields to an adjournment.

The judgment of the circuit court is affirmed.

The other Justices concurred.