The State ex rel. Isenring vs. Polacheck.

THE STATE EX REL. ISENRING, Plaintiff in error, vs. POLACHECK, Defendant in error.

*November 28 — December 16, 1898.*

*Bond on writ of error: Constitutional law: Felony: Privilege from arrest:* Habeas corpus: *Judicial notice: Waiver.*

1. Although proceedings on writs of error in criminal cases are, under the provisions of sec. 4724, R. S. 1878, to be the same as provided by law in civil cases, yet the requirement that the plaintiff in error give a bond has no application to a criminal case where the writ is sued out by the state.

2. In sec. 15, art. IV, Const., exempting legislators from arrest in all cases except treason, felony, and breach of the peace, the word "felony" must be limited to such offenses as were felonies at the time the constitution was adopted. Bribery, not being at that time a felony, though made so by subsequent legislation, is not within the exception.

3. Courts do not take judicial notice of a legislator's exemption from arrest, but he must take advantage thereof by claiming it at the proper time and in the proper manner. If he appears voluntarily and gives bail, and subsequently pleads not guilty, without claiming his privilege, he thereby waives it.

4. A writ of *habeas corpus* is not the proper way for a legislator who has been illegally arrested for bribery during a recess of the legislature, and whose claim of privilege made at the time was overruled by the court in which it was made, to procure his discharge therefrom, since the only question raised by that writ is the jurisdiction of the lower court. *Habeas corpus* cannot be made to perform the office of a writ of error.

5. The arrest of a legislator while constitutionally exempt is not a nullity, since his exemption is a personal privilege merely, entitling him to be discharged on pleading it.

ERROR to review a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

For the plaintiff in error there were briefs by *A. C. Brazee,* district attorney, and *A. C. Umbreit,* assistant district attorney, and oral argument by *Mr. Umbreit.*

*Herbert Kinne,* attorney, and *Henry J. Killilea,* of counsel, for the defendant in error, argued that, as the case at bar was a criminal action in which no appeal will lie, the statute exempting the state from giving bond does not apply. *Harrington v. Smith,* 28 Wis. 43, 67; *Superior v. Norton,* 63 Fed. Rep. 357; *Van Steenwyck v. Washburn,* 59 Wis. 483; *State v. Mushied,* 12 id. 561; *In re Murphey,* 39 id. 287; *State v. Blœdow,* 44 id. 135. Upon the merits of the case they argued, among other things, that the courts would take judicial notice of the fact that the defendant was a member of the legislature, and that at the time he was arrested the legislature was taking a recess. Cooley, Const. Lim. (5th ed.), 163; *Doty v. Strong,* 1 Pin. 84; *Anderson v. Rountree,* id. 115; *Coffin v. Coffin,* 4 Mass. 27; *S. C.* 3 Am. Dec. 189; *Miner v. Markham,* 28 Fed. Rep. 387; *Bolton v. Martin,* 1 Dall. 297; *Gyer's Lessee v. Irwin,* 4 id. 107. The offense of bribery was a mere misdemeanor, and was not raised to the dignity of a felony by our statute, not being expressly so declared or made so by necessary implication from the language used in our statute. *Wilson v. State,* 1 Wis. 184; 1 Bishop, Crim. Law, sec. 622. It does not therefore come within the excep-

tion of sec. 15, art. IV, of the constitution. The privilege from arrest is not merely the personal privilege of the member, but is that of the legislature, and his arrest was wholly void, and the court had no jurisdiction to hold him for trial. He did not, by giving bail, waive his privilege. *Mackay v. Lewis*, 7 Hun, 83; *Washburn v. Phelps*, 24 Vt. 506; *Larned v. Griffin*, 12 Fed. Rep. 590; *Hill v. People*, 16 Mich. 357.

CASSODAY, C. J.　It appears from the record, or the legislative journals of which courts take judicial notice, in effect, that the defendant in error was elected to the assembly in November, 1896; that he served as a member of that body during its several sessions in 1897; that pursuant to a joint resolution of the senate and assembly both houses adjourned, or took a recess, from April 24, 1897, to August 17, 1897; that in accordance with a joint resolution of the two houses the senate and assembly each adjourned *sine die* August 20, 1897; that during such recess, and on August 11, 1897, a complaint was filed with a committing magistrate of Milwaukee by one Charles Elkert, charging the defendant in error with bribing, or attempting to bribe, said Elkert, as an alderman of Milwaukee, April 29, 1897, by promising to give him $300 if he would vote in a certain way; that a warrant was thereupon issued, and the defendant in error arrested and brought before such magistrate, and upon examination had he was held and required to recognize in the sum of $1,000 for his appearance at the next term of the municipal court, and that the defendant in error thereupon, and on August 12, 1897, gave the requisite bail for such appearance, and was thereupon allowed to go at large; that October 5, 1897, the district attorney filed an information in the municipal court charging the defendant in error with the offense mentioned, and the defendant in error was on the same day arraigned thereon in the municipal court, and pleaded not guilty to such charge; that thereupon the cause

The State ex rel. Isenring vs. Polacheck.

was continued to the December term of that court for 1897, and then continued successively, first to the February term, and then to the April term of that court for 1898; that during that term the sureties on the bond surrendered the defendant in error to the sheriff; that the defendant in error thereupon, and upon his verified petition, stating, in effect, the facts mentioned, obtained from the circuit court a writ of *habeas corpus;* that upon a return to such writ made by the sheriff, and a demurrer thereto, the circuit court discharged the defendant in error from such imprisonment. To review such judgment the plaintiff in error, on July 26, 1898, sued out this writ of error.

1. It is conceded that under the recent enactment the writ of error was properly granted. Laws of 1889, ch. 239, sec. 1; S. & B. Ann. Stats. sec. 3437*a;* Stats. 1898, secs. 3043, 3044. The defendant in error, however, moves to dismiss the writ for the reason that the plaintiff in error has failed to give the bond mentioned in the section last cited. This is put upon the ground that writs of error in criminal cases may issue, and the proceedings had thereon may be the same as provided by law in civil cases (R. S. 1878, sec. 4724); and that, as no writ of error is effectual in a civil case without filing the requisite bond, so it is not in a criminal case without filing such bond, even where the writ is sued out by the state. But no general words in a statute can operate to divest the state of its rights or remedies. *U. S. v. Herron,* 20 Wall. 251. It is upon this theory that no suit can be maintained against a state without its express consent. *Houston v. State,* 98 Wis. 487. Besides, the statute expressly exempts the state from giving an undertaking on an appeal. The statute requiring such bond has no application to any criminal action. The motion to dismiss the writ of error is denied.

2. The constitution provides that "members of the legislature shall in all cases, except treason, felony and breach

of the peace, be privileged from arrest; nor shall they be subject to any civil process, during the session of the legislature, nor for fifteen days next before the commencement and after the termination of each session." Const. Wis. art. IV, sec. 15. Most state constitutions have similar provisions, and so has the constitution of the United States. Const. of U. S. art. I, sec. 6. It is contended on the part of the state that the charge against the defendant in error is felony, and hence comes within the exception mentioned in the constitutional provision quoted. True, the offense charged is punishable by imprisonment in the state prison (sec. 4475, Stats. 1898); and the statute declares that an offense so punishable shall be construed to mean a felony (sec. 4637, Stats. 1898). It was held by this court at an early day that " an offense not felony at common law will not be construed a felony by statute, unless by express words or by necessary implication." *Wilson v. State*, 1 Wis. 184. See, also, *Nichols v. State*, 35 Wis. 310; *State v. Hammond*, 35 Wis. 318. But the statutes referred to were, it is believed, all enacted since the adoption of the constitution. It seems to be conceded, as the law is, that bribery was not a felony at common law. 1 Bish. New Cr. Law, §§ 614, 615; 2 Bish. New Cr. Law, § 87; *Walsh v. People*, 65 Ill. 58. It is not claimed that there was any statute in force in the territory making bribery a felony at the time of the adoption of the constitution. The word " felony " in the provision of the constitution quoted must be limited to such offenses as were felonies at the time the constitution was adopted. *Jackson v. State*, 81 Wis. 131; *Klein v. Valerius*, 87 Wis. 60, 61. We must hold that the offense charged does not come within the exception named in the constitution.

3. The defendant in error was arrested during the recess of the legislature, and six days before the time of its meeting, August 17, 1897. The next day he had his examina-

tion, and gave bail for his appearance at the next term of the court. The information was not filed until forty-one days after the legislature had adjourned *sine die*. To that information he pleaded not guilty, and thereupon the cause was continued from time to time until the *habeas corpus* proceedings in question. In the petition of the defendant in error for the writ of *habeas corpus* he states that at the time of his arrest he had claimed, and still claims, his privilege from arrest, under and by virtue of the constitutional clause quoted. Had he properly claimed his privilege when he was brought before the police court, or within fifteen days after the termination of the session, he might have been discharged on motion, or plea in abatement, or on *habeas corpus*. *Holiday v. Pitt*, 2 Strange, 985; *Lyell v. Goodwin*, 4 McLean, 29; *Coxe v. McClenachan*, 3 Dall. 478; *Miner v. Markham*, 28 Fed. Rep. 387; *Anderson v. Rountree*, 1 Pin. 115–119; *Larned v. Griffin*, 21 Am. L. Reg. N. S. 672, 12 Fed. Rep. 590. But there is nothing in the return of the sheriff to indicate that he ever made any such claim in the police court or the municipal court, and the court discharged him on a demurrer to the return. There is no bill of exceptions. On the record, therefore, he appears to have voluntarily given bail, and subsequently pleaded not guilty to the information, without making any claim of his privilege. By so doing he waived the same. *Prentis v. Comm.* 5 Rand. 697; *S. C.* 16 Am. Dec. 782, and cases cited in the notes; *Chase v. Fish*, 16 Me. 132; *In re Roszcynialla*, 99 Wis. 534; *Gyer's Lessee v. Irwin*, 4 Dall. 107. In the first of these cases it was held that courts do not take judicial notice of the privilege granted to legislators exempting them from arrest and service of process, but advantage must be taken of the same at the proper time and in the proper way, or it will be deemed waived. In the last of these cases it was held that "a member of the general assembly is privileged

from arrest, summons, citation, or other civil process during attendance on his public business, but the benefit of his privilege must be duly claimed at a proper time."

4. Assuming that the defendant in error claimed his privilege at the time he was arrested, as asserted by his counsel and conceded by the state, still it would not follow that he was properly discharged on *habeas corpus.* The only question before the circuit court on *habeas corpus* was whether the municipal court had jurisdiction of the person and the subject matter. *In re Graham,* 74 Wis. 450; *S. C.* 76 Wis. 366; *In re Pikulik,* 81 Wis. 158; *In re French,* 81 Wis. 597; *In re Schuster,* 82 Wis. 610; *In re Eckart,* 85 Wis. 681; *State ex rel. Dunn v. Noyes,* 87 Wis. 340; *In re Rosenberg,* 90 Wis. 581. A writ of *habeas corpus* cannot be made to perform the functions of a writ of error. *Id.*

5. Upon the assumption mentioned, the question is whether the arrest was an absolute nullity. The authorities holding that the discharge must be claimed at the proper time and in the proper manner, or it is waived, clearly imply that the arrest was not a nullity, and that the right to a discharge was a mere privilege. Thus, in *Chase v. Fish, supra,* it was held that the bond given by a member of the legislature to relieve himself from such arrest was not void for duress. In the same case it was held that the officer making the arrest was not a trespasser. The same was held upon similar facts in *Carle v. Delesdernier,* 13 Me. 363; *S. C.* 29 Am. Dec. 508. So it has been held that "no action lies for the arrest, on civil process, of a witness returning home from court, and privileged from arrest." *Smith v. Jones,* 76 Me. 138; *S. C.* 49 Am. Rep. 598. In *Nones v. Edsall,* 1 Wall. Jr. 189, it was held that attendance upon Congress as a member of that body does not confer such privilege as to entitle a party to have a postponement of his suit as a matter of right, though the court may grant a postponement under particular circumstances, in its discretion, and upon terms. To the same effect, *Rhodes v.*

*Walsh*, 55 Minn. 542; *S. C.* 58 Minn. 196. See, also, *Greer v. Young*, 120 Ill. 184. Upon the assumption mentioned, the failure to discharge would have been at most an error, and hence was not before the circuit court on the writ of *habeas corpus* proceedings. This is in harmony with prior rulings of this court. *Doty v. Strong*, 1 Pin. 84. Here the discharge was granted more than eight months after the privilege had expired. It has been held that after the privilege from arrest has expired the relations of the parties are the same as though no arrest had been made. *Petrie v. Fitzgerald*, 1 Daly, 401. It is not as though judgment had been entered against the defendant in error pending his privilege. *McPherson v. Nesmith*, 3 Grat. 287. But see *Larned v. Griffin*, 21 Am. L. Reg. N. S. 672; 12 Fed. Rep. 590.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

Authorities on the privileges of members of Congress and of state legislatures from suit are collected in a note to *Rhodes v. Walsh* (55 Minn. 542), in 23 L. R. A. 632.— REP.