BENNETT v. AHRENS, Sheriff, et al.
No. 4651.

Circuit Court of Appeals, Seventh Circuit.
April 8, 1932.

Rehearing Denied May 18, 1932.

R. Shad Bennett, of St. Louis, Mo., for appellant.

P. K. Johnson, of Belleville, Ill., and John W. Freels, of East St. Louis, Ill., for appellees Ahrens and others.

C. E. Pope and H. F. Driemeyer, both of East St. Louis, Ill., for appellees Flannigan and another.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The technical questions of pleading raised by appellees are perhaps not without merit, but we are disposed to •lay, them aside and proceed to the contested issues raised by appellees' demurrer to appellant's replication.

Appellant contends that the sheriff of St. Clair county was not empowered to execute a warrant directed to the sheriff of Jackson county. In his declaration, and also in his replication, appellant alleges that in doing all the things complained of with relation to this transaction appellees were acting for and on behalf of themselves and on behalf of each other. His contention in this respect is without merit, under paragraph 694, c. 38, Cahill's Revised Statutes Illinois.

Appellant next contends that inasmuch as he was an attorney at law the warrant referred to did not authorize appellees, or any of them, to arrest him when returning to his home from his engagement in the capacity of such attorney in the federal court. ▮ The fact that appellant was exempt from arrest by virtue of his privilege as an attorney returning from court (sec. 9, c. 13, Smith-Hurd Illinois Stat.) does not make the officer or officers arresting him liable for false imprisonment. Appellant's only remedy is to apply to the court for his discharge from the arrest. The privilege is one which he may exercise or waive; hence the arrest under such circumstances is voidable rather than void. State ex rel. Isenring v. Polacheck, 101 Wis. 427, 77 N. W. 708; Carle v. Delesdernier, 13 Me. 363, 29 Am. Dec. 508; Chase v. Fish, 16 Me. 132; Smith v. Jones, 76 Me. 138, 49 Am. Rep. 598; Winchester v. Everett, 80 Me. 535, 15 A. 596, 1 L. R. A. 425, 6 Am. St. Rep. 228; Willard v. Sperry, 1 Wend. (N. Y.) 32; Secor v. Bell, 18 Johns. (N. Y.) 52; Tarlton v. Fisher, 2 Douglas (K. B.) 672; Cameron v. Lightfoot, 2 W. Bl. (K. B.) 1190; Cameron v. Bowles, 2 W. Bl. (K. B.) 1195; Belk v. Broadbent, 3 Term Rep. (K. B.) 183; Yearsley v. Heane, 14 M. & W. (Eng.) 322. Appellant has cited no authority to the contrary, nor are we able to find any in support of his contention where the warrant was valid and issued by a court of competent authority.

Appellant insists, however, that malice on the part of appellees in making the arrest, as alleged in his replication, is sufficient to render appellees liable for damages.

In 25 Corpus Juris, 457, it is stated: "Ordinarily exemptions from arrest are construed to create a personal privilege, and when so construed it is the general rule that an action for false imprisonment does not lie for the arrest of a person so exempted, either against the party instigating the arrest, or the officer making the arrest. In harmony with the general rule that malice or bad motives are not material considerations in this form of action as distinguished from an action for malicious prosecution, it is usually held that, where the arrest is made pursuant to valid process of arrest, knowledge that the arrested party is privileged does not impose liability."

It is likewise held in Magnay v. Burt, 5 Q. B. 380, 7 Jur. 1116, that a sheriff acting in obedience to a valid warrant in making an arrest cannot be charged with malice.

▮ It is insisted by appellant that, although the warrant in controversy was valid in every respect, its service upon him by appellees was unlawful while he was upon property of the United States government. He cites no authority in support of this contention, and we think that his position is not supported by either authority or reason.

Appellant also insists that his replication was sufficient to repel appellees' demurrer because of the fact that appellees transported and conveyed him to his home in St. Louis, Mo.

▮ A demurrer admits only such facts as are well pleaded, but it does not admit arguments, inferences, or legal conclusions in the pleadings. Ross v. Clark, 225 Ill. 326, 80 N. E. 275; Marcovitz v. Hergenrether, 302 Ill. 162, 134 N. E. 85; Big Creek Coal Co. v. Tanner, 303 Ill. 297, 135 N. E. 433. We find no allegation in appellant's replication that appellees conveyed appellant into or through the state of Missouri while he was under arrest.

We find no error in the record.

Judgment affirmed.