JOHN E. SHEEHAN, District Attorney, Rock County
You have requested my opinion concerning whether a woman who served approximately two years in prison for the federal offense of "Interstate Transportation of a Stolen Vehicle" may nevertheless vote in Wisconsin.
Article III, sec. 2, Wis. Const., provides:
"Who not electors. SECTION 2. No person under guardianship, non compos mentis or insane shall be qualified to vote at any election; nor shall any person convicted of treason or felony be qualified to vote at any election unless restored to civilrights." (Emphasis added.)
Article III, sec. 6, Wis. Const., provides:
"Exclusion from suffrage. SECTION 6. Laws may be passed excluding from the right of suffrage all persons who have been or may be convicted of bribery or larceny, or of any infamous crime, *Page 261 
and depriving every person who shall make or become directly or indirectly interested in any bet or wager depending upon the result of any election from the right to vote at such election."
The right of a convicted felon to vote is also treated in sec.6.03 (1) (b), Stats.:
"Disqualification of electors. (1) The following persons shall not be allowed to vote in any election and any attempt to vote shall be rejected.
"* * *
"(b) Any person convicted of treason, felony or bribery unlesshis civil rights are restored." (Emphasis added.)
Section 57.078, Stats., provides:
"Civil rights restored to convicted persons satisfying sentence. Every person who is convicted of crime obtains arestoration of his civil rights by serving out his term of imprisonment or otherwise satisfying his sentence. The certificate of the department or other responsible supervising agency that a convicted person has served his sentence or otherwise satisfied the judgment against him is evidence of that fact and that he is restored to his civil rights. Persons who served out their terms of imprisonment or otherwise satisfied their sentences prior to August 14, 1947, are likewise restored to their civil rights from and after September 25, 1959." (Emphasis added.)
Under the latter statute, no executive clemency or executive pardon is required. Restoration of the voting privilege follows automatically after the convicted person has served his sentence or has otherwise satisfied the judgment against him. If the person is paroled, the restoration would not occur until after the parole period has expired.
Since sec. 57.078, Stats., refers to conviction for any crime, technically it is unnecessary to explore the constitutional meaning of "felony" and "infamous crime." However, for your information, I point out that our court has held, in State exrel. Isenring v. Polacheck (1898), 101 Wis. 427, 77 N.W. 708, that "felony," as used in the Constitution, means a felony at pre-1848 common law. It is highly unlikely that "Interstate Transportation *Page 262 
of a Stolen Vehicle" was even a crime at that time, much less a felony. 18 U.S.C. § 2312, entitled, "Transportation of a Stolen Vehicle" provides that "vehicle" means a motor vehicle, a type of conveyance not in existence in 1848. Further, the Historical and Revision Notes to 18 U.S.C.A. 2312 relate that the statute's origin was a 1919 act. Therefore, Art. III, sec. 2, Wis. Const., probably would not have taken away this woman's right to vote at all.
Even conceding arguendo that this woman's crime was a felony in 1848, Art. III, sec. 2, Wis. Const., provides that a restoration of civil rights will restore the voting privilege. Section 57.078, Stats., would operate at such a restoration.
In Becker v. Green County (1922), 176 Wis. 120, 184 N.W. 715, the court held that "infamous crime" in the Constitution means any crime punishable by imprisonment in the state prison. Since this is also the statutory definition of a felony as set forth in sec. 939.60, Stats., sec. 6.03, Stats., which excludes felons from voting, may also be said to represent the legislative exercise of the authority granted under Art. III, secs. 2 and 6, Wis. Const. Since the legislature is empowered to restrict the franchise, they may also determine when the restrictions they have imposed may be lifted. Section 57.078, Stats., is such a determination, and it would operate to restore the voting privilege of one who lost the privilege under sec. 6.03, Stats. See 1946 Wis. L. Rev. 281, which discusses the constitutionality of sec 57.078, Stats.
Based on the information you have furnished, it would appear that the woman you describe is presently eligible to vote in the state of Wisconsin, assuming she otherwise qualifies as an elector.
RWW:JCM