LEGISLATIVE: MEMBERS: Privilege from arrest during session does not apply to criminal conduct. Minn. Const. art. IV, § 10.

2801-1
(Cr. Ref. 86a-16)

OFFICE OF THE ATTORNEY GENERAL

## State of Minnesota
ST. PAUL, MN 55155

LORI SWANSON
ATTORNEY GENERAL

April 22, 2014

The Honorable Ron Latz
State Senator
Chair, Senate Judiciary Committee
303 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul MN 55155

Dear Senator Latz:

In your letter dated April 10, 2014, you note that the Minnesota Constitution extends the following privilege to members of the Minnesota Legislature:

Art. IV., Sec. 10. **Privilege from Arrest.**

The members of each house in all cases except treason, felony and breach of the peace, shall be privileged from arrest during the session of their respective houses and in going to or returning from the same....

You ask to what conduct this privilege from arrest applies. You note that there is pending legislation to clarify that this privilege does not apply to criminal conduct.

As you know, the Research Department of the Minnesota House of Representatives issued an opinion on April 9, 2014 on the same question you ask in your April 10 letter. As noted in the House Research Department opinion, various federal courts and courts in other states have interpreted similar constitutional provisions relating to the legislative privilege from "arrest." Almost all of the more recent decisions conclude that the privilege does not apply to any type of criminal conduct. These recent decisions demonstrate an evolution in judicial reasoning over the past century.

For instance, the Minnesota Supreme Court interpreted Art. IV, Sec. 10 in *Rhodes v. Walsh*, 55 Minn. 542, 57 N.W. 212 (Minn. 1893). In that case, several state legislators who were served with a *civil* summons and complaint argued that the above provision granted them a privilege against being served with civil service of process. The Minnesota Supreme Court rejected their argument, finding that the privilege from "arrest" did not apply to service of a civil lawsuit. *Walsh*, 55 Minn. at 533, 57 N.W. at 215. In so holding, the Minnesota Supreme Court

also stated: "As members can only be arrested, during a session of the legislature, for treason, felony, and breach of the peace, does it not necessarily follow that they could not be arrested during such time for the most serious misdemeanors, unless such ones as may be included in the term 'breach of the peace?'" *Id.*

Thereafter, in 1898, a member of the Wisconsin Assembly was arrested and charged with attempting to bribe a Milwaukee alderman. *State v. Polacheck,* 101 Wis. 427, 77 N.W. 708 (Wis. 1898). The assemblyman later tried to retroactively assert a legislative privilege against the bribery charge based upon a provision of the Wisconsin Constitution similar to Art. IV, Sec. 10. While finding that the assemblyman waived the privilege by not timely asserting it, the Wisconsin Supreme Court also found that the privilege from arrest in the Wisconsin Constitution for "all cases, except treason, felony and breach of the peace" only applied to offenses that were felonies at the time the state constitution was adopted in 1848. *Polacheck,* 77 N.W. at 709. Over 100 years later, in *State v. Burke,* 258 Wis. 2d 832, 653 N.W.2d 922 (Wis. Ct. App. 2002), the Wisconsin Court of Appeals rejected the *Polacheck* reasoning, finding that legislators had no privilege from criminal arrest and that the privilege exception for "treason, felony and breach of the peace" was intended to mean "all crimes." *Burke,* 258 Wis. at 841, 653 N.W.2d at 927.

In *Walsh, supra,* the Minnesota Supreme Court found that the language of Art. IV, Sec. 10 is "substantially the same" as the similar provision in the U.S. Constitution that applies to members of Congress. *Walsh,* 57 N.W. at 215. Art. I, Sec. 6, cl. 1 of the U.S. Constitution provides that members of Congress "in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses...."

The United States Supreme Court construed the federal constitutional privilege from arrest several times after *Walsh* was decided. In *Williamson v. United States,* 207 U.S. 425 (1908), the Supreme Court held that the phrase "treason, felony and breach of the peace" in the U.S. Constitution "excepts from the operation of the privilege all criminal offenses." *Williamson,* 207 U.S. at 446. The Court reasoned that the privilege only applies to "prosecutions of a civil nature." *Id.* at 438. Thereafter, in *Long v. Ansell,* 293 U.S. 76, 83 (1934), the Supreme Court again found that the legislative privilege from arrest only applies to "arrests in civil suits," which were "still common in America" when the U.S. Constitution was adopted. In *Gravel v. United States.,* 408 U.S. 606, 615 (1972), the Supreme Court reiterated that "the constitutional freedom from arrest does not exempt Members of Congress from the operation of the ordinary criminal laws." As noted in the House Research Department opinion, there is also substantial case law authority from other states that interpret similar provisions in state constitutions to exclude a privilege from arrest for criminal activity.

Since *Walsh,* no Minnesota appellate court has construed Art. IV, Sec. 10. If the Minnesota appellate courts were presented with the issue, it is highly likely they would adopt the majority view set forth in modern cases and find no legislative privilege from arrest for DWIs or other criminal activity under the Minnesota Constitution.

Having said this, I should note that, since the 1980s, the Minnesota Secretary of State has issued a wallet-sized personal certificate to each Minnesota legislator stating that the legislator is entitled to a privilege from "arrest" and quoting Art. IV, Sec. 10 of the Minnesota Constitution. A copy is attached as Exhibit A. Because legislators are issued an election certificate to certify their election, Minn. Stat. § 204C.40, subd. 1, it appears that the wallet-sized certificate card must have been intended to serve some additional purpose, presumably to be used in a situation involving an "arrest."

Furthermore, as noted in the House Research opinion of April 9, it is well-known that at least a few legislators have invoked the privilege when arrested for misdemeanor DWI driving offenses.

As you know, opinions of the Attorney General do not have the force of law. *County of Hennepin v. County of Houston*, 39 N.W.2d 858, 861 (Minn. 1949). Under the circumstances, I believe that it would be helpful and beneficial for the Minnesota Legislature to give additional direction to legislative members, the public, law enforcement, and the courts by enacting legislation to clarify that state legislators have no immunity from arrest for criminal activity, including the crime of driving while intoxicated. Based upon the above analysis, I believe that the Minnesota appellate courts would uphold the constitutionality of such a statute. *See Walsh*, 57 N.W. at 213 ("All citizens should be deemed to stand equal in their rights before the law. This country recognizes no special privileged class…when a citizen or officer claims such a privilege, it is his duty to show affirmatively and conclusively that he is privileged above other of his fellow citizens.").

I thank you for your April 10 letter. If you have any questions, please let me know.

Sincerely,

LORI SWANSON
Attorney General



**Mark Ritchie**
Office of the Minnesota Secretary of State

This is to certify that State Representative
**Name**
is entitled to the privileges stated on the back of this
card until January 2015.

Minnesota Secretary of State

Front of legislative privilege from arrest card

**CONSTITUTION OF THE STATE OF MINNESOTA
ARTICLE IV, SECTION 10:**

PRIVILEGED FROM ARREST. Sec. 10. The members of each
house in all cases except treason, felony and breach of the
peace, shall be privileged from arrest during the session of
their respective houses and in going to or returning from
the same. For any speech or debate in either house they
shall not be questioned in any other place.

Back of legislative privilege from arrest card

**Exhibit A**